## ROBERTSON *versus* BEAVERS.

QUESTION IN THIS CASE.

*As to suggestion against a sheriff, for failing to make the money on an execution.*

1. On suggestion against a sheriff, under the act of 1826*, for failing to make the money under an execution, evidence, that the property in possession of the defendant in execution was said not to belong to the latter, will not excuse the sheriff, from a levy.

This was a suggestion by Robertson, in the Circuit Court of Talladega, setting forth, that before the time of the suggestion, he had obtained a judgment in the said Court, against one Pate, for the sum of one hundred and six dollars and 33 cents; on which execution had regularly issued; that said execution went into the hands of said Beavers, sheriff of said county, and had by him been returned *nulla bona:* and the plaintiff, Robertson, made known to the Court, that the money on the execution could have been made, with due dilligence; and asked an issue to try that matter.

The proof was, that the defendant in the execution, at the time the sheriff had possession of it, was possessed of slaves. But the sheriff introduced evidence to prove, that he was informed by Pate and his wife, and other persons, that the slaves were the property of Pate's wife, and that he, (Pate,) had no property in them.

This evidence was admitted by the Court, and

*Aikin's Digest 175, §78.

judgment was given for the sheriff; and the said Robertson prayed the Court to sign and seal exceptions to the admission of this evidence; and it was done accordingly.

*Messrs Ellis & Peck*, for the plaintiff in error; and *Mr. Mardis*, for the defendant.

HITCHCOCK, C. J.—This was a motion, under the statute, for judgment against a sheriff, for negligence, in not making the money on an execution. The evidence offered by the sheriff, in excuse, was, "that he was informed, by the *debtor* and his wife, that the property in his, (the debtor's,) possession, to wit, a negro woman and child, belonged to his, (the debtor's) wife; also, that it was the understanding in the neighborhood, that the negroes belonged to the debtor's wife, or to the father of the wife, who lived in Georgia; and that he was informed of the same matters, by persons who said they knew all about the property in Georgia; and that it had been loaned to the debtor's wife. This evidence was objected to, but admitted, by the Court, to go to the jury.

The evidence was clearly inadmissible. It amounted only to hearsay evidence, and did not tend to prove any fact, as to the liability of the property to the execution. If the sheriff had doubts as to the right of property, he might have required a bond of indemnity from the plaintiff, or his agent: not having done that, and having omitted to levy on the property, he was bound to shew due dilligence in endeavoring to collect the money—which the evidence admitted by the court did not tend to establish.

Let the judgment be reversed, and the cause remanded.