# Wilson *v.* Brown *et al.*

*Action against Sheriff and his Sureties for Failure to make
Money on Execution.*

1. *Sheriff; when onus lies on, to show diligence.*—Where a sheriff, having
process in his hands for that purpose, fails to levy on property in possession
of the defendant, or having levied, discharges the levy without selling, and
without making the money on the execution, the *onus* is on him to show a
legal excuse for his conduct.

2. *Homestead exemption under § 2880 of Revised Code; what necessary to en-
title to.*—To constitute a valid claim of exemption under section 2880 of the
Revised Code, it must be shown that defendant had a family and that the lands
claimed embraced his homestead.

3. *Decisions of Supreme Court of the United States; when binding on State tri-
bunals.*—In the decision of questions which may be carried for revision to the
Supreme Court of the United States, this court recognizes the decisions of that
tribunal as authoritative and binding.

4. *Exemption law; what unconstitutional.*—A State law which increases ex-
emptions, so far as it applies to debts previously contracted, impairs the obli-
gation of contracts and is void.

5. *Execution; of what is notice to sheriff.*—An execution in the sheriff's
hands is notice to him of the time when the judgment was rendered, but not
of the time when the debt, on which it is founded, was contracted.

6. *Sheriff; when not liable for releasing property not exempt.*—A sheriff can not
be held liable for discharging the levy of execution on property which was
claimed as exempt, on the ground that plaintiff's debt was contracted before
the enactment of the exemption law, unless it be shown that the sheriff had
notice, actual or implied, of that fact.

APPEAL from the Circuit Court of Bibb.

Tried before Hon. GEORGE H. CRAIG.

The appellant Wilson brought this suit against Brown, late
sheriff of Bibb county, and the sureties upon his official bond,
to recover damages for the failure of Brown to make the
money on a certain execution for $500, besides $16 costs,
placed in his hands, in favor of the plaintiff, against one
Thompson.

The judgment, on which the execution issued, was ren-
dered on the 21st day of April, on a debt contracted on the
7th day of January, 1865, and the execution was placed in
the hands of the sheriff on the third day of May, 1870, in
ample time for him to have made the money before court.
Thompson had sufficient property at this time and afterwards
to have satisfied the execution, if his property was liable to
levy and sale. The bill of exceptions recites that at this
time Thompson "was the owner of and in possession of real

[Wilson v. Brown et al.]

estate, situate in the county, consisting of an undivided half interest in about 720 acres of land, including a grist mill, and water power, and also had the fee title to forty acres of land in said county, which included two lots in the unincorporated village of Six Mile," and the whole of Thompson's interest in the property would have sold for at least one thousand dollars. "Thompson remained the owner in possession of said lands, for some time after the execution came into the sheriff's hands." Brown levied the execution upon all these lands, but Thompson filed an affidavit of exemption, claiming all of said lands as exempt to him under the statutes of Alabama, and Brown thereon declined to sell any part of them for the satisfaction of the execution, but returned it, with the affidavit of exemption, to the clerk of the court from which the execution issued, endorsing thereon that he had not sold the lands, because they were exempt.

This, together with proof of the execution of the bond, the rendition of the judgment on which the execution issued, and the placing of the execution in the sheriff's hands, was all the evidence.

The court charged the jury, "if they believed from the evidence that the lands so owned by Thompson, the defendant in execution, were not worth over one thousand dollars, then they were exempt from levy and sale under the execution in favor of Wilson against said Thompson, and their verdict must be for the defendant," and the plaintiff excepted.

The plaintiff then requested the court to charge the jury, in substance, that under the law applicable to the facts in evidence, Thompson's exemptions of real estate were limited to $500 in value; and also that Thompson was not entitled to claim any exemption of real estate from sale on execution to satisfy said debt. The court refused to give these charges, and the plaintiff separately and duly excepted to such refusals.

The charge given and the refusals to charge, as requested, are now assigned as error.

JAMES E. WEBB, for appellant.—The court clearly erred in its charge. The evidence shows that Thompson had a half interest in a large tract of land, and also another lot of land in a village. He could not live on both, and could claim a homestead on but one tract. *Sneider v. Heidleberger*, in 45 Ala., is no longer law, if it ever was. The Supreme Court of the United States, in *Gunn v. Barry* (16 Wallace, 610), has decided that exemption laws can not operate on debts contracted before their passage. See, also, opinion of Judge Christian on homestead cases, 12 American Reports, 507;

*Jones v. Brandon,* 48 Ga. 595. These authorities conclusively demonstrate the error of the court in its rulings.

CLOPTON, HERBERT & CHAMBERS, *contra.*—In *Sneider v. Heidleberger,* 45 Ala. 126, this court held that section 2584 of the Revised Code applied to debts incurred before its passage. See, also, Cooley Con. Lim. 287–8 and notes. The sheriff's return made a *prima facie* case for him, and the *onus* is on the party seeking to impeach it, to disprove its recitals.— 2 Denio, 633 ; 2 Stewart, 255 ; 6 Hill, 550. The plaintiff failed to prove that Thompson did not live on the land and was not the head of a family, and thus failed to make out his case ; besides this, it was not necessary to obtain the exemption given by § 2880, *et seq.*, that he should live on the lands. 45 Ala. 454. There is no evidence that the two tracts did not lie adjoining each other, and Thompson may have lived on both.

STONE, J.—The general rule of law is, that sworn officers, whether judicial or ministerial, are presumed to do their duty ; and he who asserts their official dereliction, must prove it, even though such proof be of a negative.—2 Best Presumptive Evidence, § 348, and authorities cited ; *Brandon v. Snows,* 2 Stew. 255.

But, when a sheriff, having process in his hands for the purpose, fails to levy on property found in the possession of the defendant ; or, having levied, discharges the levy, without selling the property, and without realizing the money he is commanded to collect, a different rule prevails. The *onus* is then shifted to him to show a legal excuse for not levying or selling, as the case may be.—*Smith v. Leavitts,* 10 Ala. 92 ; *Gresham v. Walker,* Ib. 370 ; *Easly v. Walker,* Ib. 671 ; *Kelly v. Governor,* 14 Ala. 541 ; *Governor v. Baker,* Ib. 652 ; *Governor v. Campbell,* 17 Ala. 566 ; *Whitsett v. Slater,* 23 Ala. 626 ; *Robertson v. Beavers,* 3 Port. 385 ; *Union Bank of Tennessee v. Benham,* 23 Ala. 143.

The bill of exceptions in this cause, informs us that it contains all the evidence. There is no testimony that Thompson, the defendant in execution, had a family, or that the land in controversy contained his homestead. These are indispensable conditions of a valid homestead claim under section 2880, subd. 4 of the Revised Code of Alabama.—See *Kaster v. McWilliams,* 41 Ala. 302 ; 1 Brick. Dig. 906–7, §§ 228 to 231 ; *McGuire v. Van Pelt,* 55 Ala.

Under the rules above declared, the judgment of the Circuit Court must be reversed on several of its rulings, not

necessary to be particularized.—Ordinance 36, Acts 1868, p. 183, 364.

The debt, to enforce which the execution against Thompson was issued, was contracted before the act of February 19, 1867, became a law.—See Pamph. Acts, 1867, p. 611. That statute was embodied in the Revised Code as § 2884. It provides that, "in addition to the real and personal property now permanently exempted from levy and sale by law, under any legal process, there shall be retained for the use and benefit of every family, twelve hundred dollars of real estate, including the homestead," &c. The argument is here made that this act is inoperative as to debts previously contracted, because it violates Article I, Section 10, Subd. 1, of the Constitution of the United States, which declares that "no State shall . . pass any . . law impairing the obligation of contracts." This precise question went before the Supreme Court of the United States by writ of error from the Supreme Court of Georgia, in the case of *Gunn v. Barry*, 15 Wal. 610. That court unanimously decided that, as to debts previously contracted, the provision in the Georgia constitution, which increased the homestead exemption from fifty acres to two thousand dollars in value, impaired the obligation of the contract, and was void.

This question is one which can be carried from any State court of last resort, to the Supreme Court of the United States for review, whenever the State court pronounces in favor of the constitutionality of such statute. In other words, that court has a revisory jurisdiction over this court, whenever such decision is here rendered. We hold that the rulings of that court on such questions are authoritative and binding on us. Such has been the course adopted in Georgia.—*Jones v. Brandon*, 48 Geo. 593; *Chambliss v. Jordan*, 50 Geo. 81; *Grant v. Casby*, 51 Geo. 460. In the "Homestead Cases," 22d Grat. 266, the same conclusion is reached, in a very able argument by Mr. Justice Christian.

We feel it our duty to consider another question. The judgment against Thompson, on which the execution in this case was issued, was rendered April 21, 1870. This fact, no doubt, was noted in the execution. This was notice to the sheriff that Thompson was then indebted to Wilson. It was neither notice or evidence that the debt, on which the judgment was rendered, existed prior to February 19, 1867, the date of the statute we are construing.—*Snodgrass v. Br. Bank at Decatur*, 25 Ala. 161.

Levying an execution, issued on a judgment rendered in April, 1870, we can not hold that the sheriff was charged with knowledge that the debt on which the judgment was

rendered was contracted before February 19, 1867.  To hold him culpable, he should have had notice direct, or of some fact sufficient to put him on inquiry.—*Morrison v. Wright,* 7 Por. 67 ; *Governor v. Campbell,* 17 Ala. 566; 10 Ala. 671 ; 23 Ala. 626.

For the errors above pointed out, the judgment of the Circuit Court is reversed and the cause remanded.