# Draper's Adm'r v. Draper.

*Bill in Equity by Administrator, for Final Settlement.*

1. *Decedent's estate; when administrator may remove settlement into equity.* A court of equity will not entertain a bill for the removal and settlement of the administration on a decedent's estate, at the instance of the administrator himself, because he is also the guardian of one of the distributees, who has

attained his majority; nor because the administrator has committed an error or mistake in the allotment of exempt property to a minor child. Neither of these facts shows that the settlement can not properly be made in the Probate Court.

APPEAL from the Chancery Court of Morgan.

Heard before the Hon. H. C. SPEAKE.

The bill in this case was filed on the 6th July, 1877, by C. C. NeSmith, as the administrator of the estate of Richard Draper, deceased, against Samuel E. Draper and others, as heirs and distributees, Green P. Rice and others, as creditors of said estate, and against himself, as guardian of said Samuel E. Draper; and sought to restrain proceedings in the Probate Court for the settlement of said estate, and of said guardianship, and to remove the settlement into the Chancery Court, on the ground that the Probate Court, by reason of its limited powers, could not afford full relief. Letters of administration on said estate were granted to the complainant, by the Probate Court of said county, on the 16th March, 1874; and letters of guardianship of said Samuel E. Draper, who was a son of the decedent, were granted to him on the same day. The bill alleged that the complainant, on the same day his letters were granted, filed in the Probate Court an inventory of the property belonging to said decedent's estate, and also an inventory of the property belonging to the estate of his said ward, "which consisted wholly of property which he, as such guardian, had selected, and which he had set aside as such administrator, as exempt, from the estate of his said intestate." It was alleged, also, "that said intestate, at the time of his death, and for some time prior thereto, did not occupy and live on any of his property with his said son, Samuel E., but had long before that time manumitted and discharged him from his control and custody; and said Samuel E. was living separate and apart from his father, and was managing and controlling his own affairs, laboring for himself, and receiving the proceeds of his labor to his own use, by and with the consent of his said father, who had no control over him, and who left surviving him no widow or other minor children;" also, "that the other distributees and the said creditors are threatening to hold complainant, as such administrator, responsible for the property so selected and set apart by him as exempt to said minor, and claim that none of said property is exempt, because said Samuel E. Draper was not a member of said intestate's family at the time of his death, and that all of said property is still in the hands of complainant, as such administrator, for the payment of the debts of said intestate, and for distribution among the said heirs and distributees." The bill alleged, also, that the com-

plainant had been cited, at the instance of his ward, to settle his guardianship in said Probate Court; that several suits were still pending in his name as guardian; "that with his said administration unsettled, and said suits pending in his favor as guardian, and from the fact that he is the guardian of one of the distributees of said estate, and the inclination of his said ward to annoy and embarrass him, the Probate Court can not, owing to its limited jurisdiction, settle his accounts as such administrator and guardian, with fairness to himself, and with justice to the distributees and creditors of the estate he represents; that he entertains grave doubts of the correctness of his action in selecting and claiming as such guardian, and setting aside said property as exempt to said Samuel E. Draper, and he is advised and believes that the claims of the creditors and other distributees of said intestate are well founded, and, if said Probate Court is suffered to proceed with said settlement, he is in great danger of suffering irreparable injury;" and that the estate of the intestate will be insolvent, if the property so selected by him be held to be exempt to said Samuel E. Draper. The bill therefore prayed that the administration and guardianship might be removed into the Chancery Court, and there settled; that all further proceedings in the Probate Court might be enjoined and restrained, and for general relief.

The chancellor dismissed the bill, on motion, for want of equity; and his decree is here assigned as error.

CLARK & HARRIS, and G. P. RICE, for appellants.

J. B. MOORE, contra.

BRICKELL, C. J.—It is the settled doctrine of this court, that at the instance of an executor, or administrator, a court of equity will not intervene, and take jurisdiction of the settlement of his administration, unless it is affirmatively shown that the Court of Probate cannot, because of its limited powers, afford adequate relief.—*Horton v. Mosely*, 17 Ala. 794; *Moore v. Leseuer*, 33 Ala. 237; *McNeill v. McNeill*, 36 Ala. 109. A special circumstance, which is averred in the bill, as affecting the jurisdiction of the Court of Probate, is, that the administrator was the guardian of Samuel E. Draper, one of the distributees of the estate of the intestate. This, however, if an embarrassment, or a displacement of the jurisdiction of the Court of Probate, was removed, when the ward became of age, which it is shown by the bill had occurred before it was filed. When an infant arrives at full age, the relation of guardian and ward ceases: the objects of the guardianship

[Ricketts v. Weeden.]

are accomplished, and the ward is free and competent to transact his own business, and control his own person. The only duty remaining upon the guardian, is to make a final settlement of his accounts, and surrender to the ward possession of his estate, real and personal. If the administrator had fallen into an error, in the allotment of exempt property to the minor child of the intestate, the Court of Probate is as capable of correcting the error as a court of equity; and it cannot, of consequence, furnish any cause for the intervention of the latter court.

The cause was very carefully examined by the chancellor, and we concur in his conclusion, that the bill is without equity. The decree is affirmed.