# Corr *v.* Shackelford.

| 68 | 241 |
| 104 | 341 |

*Bill in Equity to remove Administration of an Insolvent Estate from the Probate Court, and to have Lands sold which had been set apart to the Widow as a Homestead Exemption.*

1. *Homestead exemption in favor of widow as against purchaser of lands, with warranty, evicted under paramount title; by what law governed.*—A purchaser of lands, with full covenants of warranty, who is afterwards evicted by a title paramount and outstanding at the time the covenant of warranty was entered into, is regarded as a creditor of the vendor from the date of the execution of the deed, and not from the date of the eviction; and hence, the widow of the deceased vendor is not entitled to a homestead exemption as against the purchaser's claim for damages for the breach of the warranty, under a statute enacted after the execution of the deed, although of force at the time of eviction.

2. *Lands belonging to a decedent's estate; relation of personal representative and creditors in administration of.*—In the administration of landed assets, the personal representative represents the creditors, and antagonizes the heirs; but when the widow is the personal representative, her interests become antagonistic to those of the creditors, whenever she asserts a claim to the realty, or any part of it in her own right; and in such case she can not represent their adversary rights.

3. *Homestead exemption in favor of the widow; when not binding on creditors.*—Where the widow was allotted a homestead exemption in the lands of her deceased husband, after his estate had been declared insolvent, on an *ex parte* proceeding before the judge of probate, without notice to any one, such allotment does not rise to the dignity of a judicial determination against the rights of creditors; nor does it preclude them from showing that, as against their claims, she was not entitled to the exemption.

4. *Decree discharging personal representative on final settlement; its effect.*—As against the administrator of an insolvent estate, who has made final settlement and distribution of all the assets in his hands among the creditors, the decree on such settlement discharging him from further liability, is conclusive; but when a creditor seeks, by bill. in equity, to subject lands belonging to the estate, and in which the executrix of the deceased debtor claimed and was allowed a homestead exemption as his widow, after the estate had been declared insolvent on her report, a decree discharging a subsequent administrator on final settlement made by him, does not preclude the creditor from asserting his claim against the lands so allowed to her as exempt, although he may have been a party to the settlement made by the administrator.

5. *Insolvent estate; when administration may be removed into the chancery court.*—The administration of an insolvent estate may be removed into the chancery court, on a bill filed by a creditor, showing that a homestead exemption had been allotted to the widow on *ex parte* proceedings instituted by her while she was executrix, without notice to the creditors, and that she was not entitled to such exemption as against his demand, and seeking to have the lands so allotted sold for the payment of debts. While such allotment was irregular and not binding on the creditors, it was calculated to engender distrust or doubt

(16)

[Corr v. Shackelford.]

of the title, and to hinder a fair-sale of the property, unless the invalidity of the allotment was first declared, and the property ordered to be sold free of incumbrance ; and this the chancery court has the power to do, while the probate court could only order a sale, and leave the question of title to be afterwards determined.

6. *Same.*—The principle is recognized that the settlement of an insolvent estate should not be removed into the chancery court without special reasons.

APPEAL from Dallas Chancery Court.

Heard before Hon. CHARLES TURNER.

The bill in this cause, as amended, was filed by Thomas Corr against Ann G. Shackelford, widow, and Joseph F. Johnston, as the administrator *de bonis non*, with the will annexed, of Anthony G. Shackelford, deceased, and Martha C. Jones as the executrix of the last will and testament of Joel W. Jones, deceased. The bill shows that the estate of Shackelford was declared insolvent in and by the Probate Court of Dallas county, in which the administration was pending, and that the only creditors of the decedent, who filed their claims within the time prescribed by the statute, were the complainant and the defendant, Mrs. Martha C. Jones, executrix. The other averments of the bill, and its purposes are sufficiently shown in the opinion. The defendant, Ann G. Shackelford, interposed a demurrer to the bill, which was sustained and the bill dismissed. The grounds of demurrer also sufficiently appear in the opinion. The error here assigned is the decree of the Chancery Court sustaining the demurrer and dismissing the bill.

JOS. F. JOHNSTON, for appellant.—(1). A covenantee who has been evicted under title paramount, is regarded as a creditor, *not from the time of eviction*, but from the time the covenant was executed.—*Bibb, Adm'rx v. Freeman*, 59 Ala. 612; *Gannard v. Eslava*, 20 Ala. 732. The appellant's deed having been executed in 1836, his debt was therefore *created* at that time. (2). At that time, there was no land exempt from administration for the benefit of the widow. By the act of 1812, all lands were subjected to the payment of debts. Aiken's Dig. p. 163. And no land was exempt from the payment of debts, or administration, until the act of February 12th, 1843.—Aiken's Dig. p. 166; Clay's Dig. p. 210, § 40. (3). As against the complainant, the widow was not, therefore, entitled to a homestead exemption.— *Wilson v. Brown,* 58 Ala. 65 ; *Blum v. Carter*, 63 Ala. 235 ; *Miller v. Marx*, 55 Ala. 322, and cases cited. (4). The Chancery Court had jurisdiction, under the averments of the bill, to remove the administration from the Probate Court. Suppose a sale of

[Corr v. Shackelford.]

the land was decreed by the probate court, and the administrator should receive the purchase-money, and that court should determine that Mrs. Jones, as executrix, has a right to share in all the proceeds, except $500.00 worth of the land, under the act of February 8, 1872 (Pamph. Acts 1871-2, p. 91), how could that court make the division? (5). The appellant was not a party to the proceeding allotting dower to the widow, and was not bound thereby. (6). The settlement made by Wm. H. Fellows was a final settlement of *his administration;* no question arose there as to this land, or as to its liability to be subjected to the payment of the decedent's debts. To that settlement the widow was not a party, as the estate was insolvent.

Jos. R. & S. W. JOHN, *contra.*—(1). The jurisdiction of the Probate Court attached upon the filing of the report of insolvency.—*Hill v. Armistead,* 56 Ala. 118; *Clarke v. West,* 5 Ala. 117; *Heydenfeldt v. Towns,* 27 Ala. 423. (2). The decree of the Probate Court rendered on the final settlement of an administration, its jurisdiction having attached, and being complete, is of equal dignity, and as final and conclusive, as the judgment of a court of law, or the decree of a court of chancery, not only of facts actually litigated and decided, but of all facts necessarily involved in its rendition.—*Waring v. Lewis,* 53 Ala. 615; *Gamble v. Jordan,* 54 Ala. 432. (3). The settlement of Fellows, Adm'r, was a final settlement.—*Watt v. Watt,* 37 Ala. 543; *Waller, Adm'r v. Ray,* 48 Ala. 468. (4). If the administrator fell into error in allotting to the widow her exemption, appellant, who was a party to the proceedings, he having filed his claim against the estate, should have moved the Probate Court to correct the error.—*Draper v. Draper,* 64 Ala. 544. And if he neglected to have what he now avers was an error corrected, and did not appeal from the final judgment, he cannot correct that error by a bill in equity.—*Boswell v. Townsend,* 57 Ala. 308. See, also, *Bowden v. Perdue,* 59 Ala. 409. (5). Mrs. Shackelford having legally and successfully claimed her exemption, she holds a legal title, and can maintain or defeat an action of ejectment. Consequently the administrator has a perfect *legal* remedy. *Jones v. DeGraffenreid,* 60 Ala. 145. (6). The estate of Shackelford having been decreed insolvent, a part of the lands and personalty having been allotted to the widow, and the other part *sold,* appellant, a creditor of the estate having obtained a decree for his *pro-rata* share of the assets, knowing that the proceeds of such sale were included therein, can not afterwards impeach the validity of the final decree in equity.—*Pickens v. Yarborough,* 30 Ala. 408. (7). The *breach*

[Corr v. Shackelford.]

of the covenants in Shackelford's deed and not the *covenant itself created the debt.* The exemption law, under which Mrs. Shackelford had her exemption allotted, was in force *before* there was any breach of the covenant.—Hilliard on Bankruptcy, p. 304, §§ 99, 103, 107. The covenant can, in no sense, be considered a debt, either *in presenti* or *in futuro.* It may, in case of any future breach, be the *foundation* of a debt; but any claim arising from it, in the nature of a debt, will arise from the *breach*, and not from the mere existence of the obligation.—*Loring v. Kendall*, 1 Gray, 305 ; *Riggin v. Magwire*, 15 Wall. 549. (8). The statutes of exemption, which have ripened into a permanent policy in this State, have always received a *liberal* construction.—*Miller v. Marx*, 55 Ala. 322. The cases of *Gannard v. Eslava*, 20 Ala. 732, and *Bibb v. Freeman*, 59 Ala. 612, cited by counsel for appellant, are not applicable to this case ; because in those cases the statute of frauds was construed, and that statute has always been stringently and strictly construed.

STONE, J.—The merits of this case must be tested by the averments of the bill and amendment, as the chancellor sustained the demurrer and dismissed the bill. All facts well pleaded must be treated as true.

Anthony G. Shackelford, the testator, died, January 6th, 1874, leaving a will, and therein appointing his widow, Ann G. Shackelford, his executrix. The will was probated and established, and she received letters testamentary, February 16th, 1874. She remained executrix until May 15th, 1876, when she resigned. Mrs. Shackelford, as executrix, reported the estate insolvent, March 1st, 1876, and it was so decreed, April 3d, 1876. On the 9th March, 1876, Mrs. Shackelford made application to the Probate Court to have homestead exemption allotted to her, under the act approved April 23d, 1873 ; the claim being of one hundred and sixty acres of the three hundred and twenty of which her husband died seized. Without notice to any one, and without judicial ascertainment or inquiry, the Probate Court, on the 18th March, 1876, issued a commission to three named commissioners, "directing them to set apart to the said Ann G. Shackelford, with the improvements and appurtenances thereon, not to exceed one hundred and sixty acres of land in quantity," as her homestead exemption. The commissioners executed this trust and commission, April 15th, 1876, and set apart to her one hundred and sixty acres of the land. All this, it will be observed, took place while Mrs. Shackelford was acting as executrix.

On the 17th May, 1876, after Mrs. Shackelford resigned.

the executorship, W. H. Fellows was appointed administrator *de bonis non*, with the will annexed. On the 18th February, 1878, he made a settlement of his administration, and resigned, paying less than ten per cent. on the claims proven and allowed against the insolvent estate. In 1879, Jos. F. Johnston was appointed administrator *de bonis non*, with the will annexed. The bill charges that he "has sold all the lands and other assets thereof, except one hundred and sixty acres of land," the homestead allotted, "and converted them into cash, except about the value of one hundred and seven dollars, in a note due January, 1881; that said estate is utterly insolvent, the claims allowed against it amounting now to more than nine thousand dollars, and that all the assets will not exceed the sum of seven hundred dollars." The will gave testator's estate to Ann G. Shackelford, the widow, and she has not dissented from the will nor claimed dower.

Complainant's claim is as follows: In July, 1836, he purchased from Shackelford a tract of land lying in the State of Virginia, for the sum of four thousand one hundred dollars paid, and received Shackelford's deed, with very full covenants of warranty, accompanied with Mrs. Shackelford's relinquishment of dower. On the 31st day of July, 1875, suit was brought against Corr for the recovery of said land, under an alleged title claimed to be paramount to the title conveyed by Shackelford and wife; and on the 19th day of May, 1876, said lands were recovered from said Corr in said suit, and he was evicted therefrom. The bill avers that said Ann G. Shackelford, executrix of the will and estate of said Anthony, had notice of the pendency of said suit. Damages for the breach of the covenants of warranty in Shackelford's deed are the basis of complainant's claim in this case, and the bill avers presentation of the claim to the executrix within eighteen months after the death of Shackelford, and a due and timely filing against the insolvent estate. No exceptions were filed to the allowance of the claim, and it was allowed for the full amount claimed in the final settlement made by Fellows.

Till the recovery in the ejectment suit in Virginia, Corr's claim against the estate of Shackelford was, of course, contingent. Unless that suit was successful, there could be no breach of the covenants in Shackelford's deed, and Corr would have no valid claim for damages. Before the right to damages was determined by that suit, the estate had been declared insolvent, Mrs. Shackelford had had a homestead of one hundred and sixty acres allotted to her, and she had ceased to be executrix by resignation.

[Corr v. Shackelford.]

The bill avers that there was but one other creditor of the estate, whose claim was presented and allowed. That claim was between three and four thousand dollars, and did not exist until the year 1870. The estate being insolvent, these claims would share *pro rata* in the general division of the assets, if there is nothing in the case to dictate a different rule.

The grounds urged in support of the chancellor's ruling on the demurrer, are:

First, that Corr having presented his claim to the executrix, as a claim against the estate, thereby made himself a party to the proceedings, and should have made his defense to the allowance of the homestead claim in the Probate Court, or should have moved in that court to vacate the order. Several answers may be made to this objection. At the time the allowance was made, it could not be certainly known or predicated, that Corr was or ever would be a creditor of Shackelford's estate. That was shown after Mrs. Shackelford ceased to be executrix, and not till then. As against the other creditor of the estate, her claim of a homestead exemption was valid, although probably governed by the constitution of 1868. The bill avers that Mrs. Shackelford's petition for homestead was filed and acted on *ex parte*, without notice to any one. Being filed by the executrix herself, she should have made the creditors parties. The personal representative, in the administration of landed assets, represents the creditors, and antagonizes the heirs.—*Steele v. Steele*, 64 Ala. 438; *Wilburn v. McCalley*, 63 Ala. 436.

When, however, as in this case, the personal representative asserts a claim to the realty, or any part of it, in her own right, she can not, at the same time, represent the adversary rights of creditors, or of heirs, if the estate be solvent. The interests are antagonistic, and she can not, at one and the same time, represent antagonistic interests. Conducted as these proceedings were, they do not rise to the dignity of a judicial determination against the rights of creditors.—*Walker v. Elledge*, 65 Ala. 51. And no appeal could have been prosecuted from the action of the probate judge in allotting the homestead.—*David v. David*, 56 Ala. 49.

Another objection urged in demurrer is, that the administrator, Fellows, recognizing the validity of the allotment of homestead, administered the residue of the estate, made final settlement, division and disbursement; that Corr was a party to that settlement, and should then have made the objection that these lands were not brought in as assets. The point urged is, that this was a judicial determination of the administration, and precludes all assertion that there

[Corr v. Shackelford.]

were other assets of the estate not administered. If this were an attempt to hold Fellows accountable for assets of the estate which he might have brought, but did not bring into the administration, the question would be different. If, in such case, the settlement on its face appeared to be regular, the case would have to be brought within very special rules to authorize a re-examination of the accounts.— *Waring v. Lewis*, 53 Ala. 615; *Gamble v. Jordan*, 54 Ala. 432; *Cummings v. Bradley*, 57 Ala. 224. But that is not this case. The attempt here is not to fasten a further liability on Fellows. It is to bring into the administration, and subject to the debts of the testator, assets which have escaped the observation and vigilance of the former administrator. The decree in the Fellows administration, of final settlement and discharge, was a judicial determination that there were no other assets with which he was chargeable. It was not a decree, that there were no other assets that creditors could reach. Sometimes there are assets which creditors can condemn, and the administrator can not; for an administrator can not set aside a fraudulent conveyance made by the intestate. And it may be that Fellows was never informed that Corr's claim antedated the statute of April 23d, 1873, or the constitution of 1868.— *Wilson v. Brown*, 58 Ala. 62; *Nelson v. McCrary* 60 Ala. 301. We entertain no doubt that Fellows, if he had been retained in office, or his successor, could pursue and condemn any assets found subject to the debts of the estate, until the debts are satisfied in full, or the debts are barred by limitation. Even after the bar, perhaps, personal assets could be pursued.

It is further urged in demurrer, that the present bill makes no case for equitable relief, because there is a plain and adequate remedy at law. The remedy, if there be any, is, for the present administrator to file a petition in the probate. court, obtain an order of sale, and sell the lands for the payment of debts. To obtain that order, it would be necessary to prove there were debts, or a debt, for which the land was liable. That, according to the averments of the bill, could be proved.— *Bibb v. Freeman*, 59 Ala. 612; *Gannard v. Eslava*, 20 Ala. 732. But could the court of probate, when the money was realized, properly adjust the application of the funds, so as to decree to Corr the larger sum, to which his older claim was entitled? See Code of 1876, section 2578. We do not decide this question, as it is unnecessary in this case. Another view, we think, clearly maintains the equity of this bill. It will be observed, that the present bill is filed by a creditor, and, among other things, prays for the removal of the further administration into the chancery

[Brunson & Wife v. Brooks.]

court. No steps have been taken here looking to a settlement of Johnston's administration. Still, we recognize the principle, that the settlement of an insolvent estate should not be removed into the chancery court without special reasons.—*Clay v. Gurley*, 62 Ala. 14-22. There is a special reason in this case. The allotment of homestead, though irregular and not binding on persons not parties to the proceedings, is, nevertheless, calculated to engender distrust or doubt of the title, and to hinder a fair sale of the property, unless the invalidity of the allotment be first declared, and the property ordered to be sold free of incumbrance. This the chancery court has power to do, while the probate court could only order a sale, and leave the question of title to be afterwards determined. *Stewart v. Stewart*, 31 Ala. 207. The chancellor erred in sustaining the demurrer to complainant's bill. He should have removed the administration into the chancery court, if the material averments of the bill are true, and should render a decree, ordering the land to be sold. The chancery court retains very large powers over administrations.—*Hunley v. Hunley*, 15 Ala. 91; 1 Brick. Dig. 647, § 120; *McNeill v. McNeill*, 36 Ala. 109; *Hemphill v. Moody*, 64 Ala. 468; *Draper v. Draper*, 64 Ala. 545.

According to the averments of the bill, Mrs. Shackelford can assert no claim of homestead against complainant's claim. *Bibb v. Freeman, supra; Watts v. Burnett*, 56 Ala. 340; *Wilson v. Brown*, 58 Ala. 62; *Nelson v. McCrary*, 60 Ala. 301 *Blum v. Carter*, 63 Ala. 235; *Tucker v. Henderson, Ib.* 280; *Davis v. Davis, Ib.* 293.

Reversed and remanded.