ROWLAND ET AL vs. DAY.

1. A clerk or any other person, before whom the obligor in a bond acknowleges it, and who has taken a copy, is competent, the original being lost, and the copy thus taken produced, to prove the execution of the bond.

2. In suits in chancery against non residents, who have not submitted to the jurisdiction of the court, the bond required by the statute must be executed, otherwise a decree against them cannot be sustained.

3. Where H., having sold a lot of land to D. and D. to L., at the request of D., executed a bond to L., conditioned to make title on the payment of a note which he gave for the purchase money to D., and another to H., the representations of H., made without the authority of D., by which R. was induced to purchase the land under the belief that he would get an unencumbered title, although a discharge of his own, cannot effect D's. equitable lien on the land.

4. Recitals in a judgment or decree are not admissible as evidence against a stranger to the record.

Error to the Chancery Court of Benton.    Tried before the Hon. David G. Ligon.

THIS bill was filed by the defendant in error against Richard D. Rowland, Embargo C. Lane, and the personal representative and heirs at law of Benjamin Hollingsworth, deceased, for the purpose of subjecting a lot of land in the town of Jacksonville to the payment of the purchase money.   The case made by the bill is substantially this: Benjamin Hollingsworth, having an equitable title to the lot in question sold it to the complainant, but executed no title or memorandum in writing of the sale.   The complainant afterwards sold it to the said Lane and procured Hollingsworth to execute to Lane a bond, conditioned to make titles, when Lane should pay a note to the complainant for one hundred and eighty-eight dollars and another to Hollingsworth for eighty-seven dollars, which notes he gave at the time of the sale.   Lane subsequently sold the lot and assigned the title bond to one Portis, and Portis in turn to one Leaird.   Leaird conveyed the lot by deed of trust to one Brock for the benefit of creditors and Brock sold it under the deed to Rowland.   After the filing of this bill the personal representative of Hollingsworth filed a cross bill, seeking to subject the lot also, to the payment of the note due to the intestate.   The answer of Rowland avers

44

entire ignorance of the bond and calls for proof, and alleges as grounds of defence that Hollingsworth was present at the sale made by Brock, and at which he purchased, and represented that the purchaser would get a good title, and that he after said purchase, in a suit pending in the Chancery Court of Talladega in reference to the title to said lot between David Hubbard *et al.* complainants and Charles W. Peters *et al.* defendants, procured a decree to be rendered directing the Register to execute title to him for the lot, which was accordingly done. On the final hearing, the absence of the original bond having been accounted for, and the subscribing witness having been examined and proved the existence of the bond, a copy taken from the records of the County Court was read in evidence, on proof by the clerk that the original had been deposited in his office and acknowledged before him by Hollingsworth, and that the copy produced was a true one. The defences set up by Rowland were proved as above stated, but neither Hollingsworth nor Day appeared to have any connection with the case of Hubbard et al. vs. Peters et als., nor was there any proof save in the recitals of the register's deed that either of the parties in said suit ever had the legal title to said lot. The chancellor decreed against the complainant in the cross-bill and in favor of Day, the complainant in the original bill, but did not require a bond of restitution from the latter to the heirs of Hollingsworth, some of whom were non residents and had not appeared &c. This decree is now assigned as error.

J. B. MARTIN and WHITE, for the plaintiffs in error.

RICE, for the defendant.

DARGAN, C. J.—1. The execution and contents of the bond described in the pleading were sufficiently proved. It is true that the law does not require a bond for titles to be recorded, consequently the registration of it is no evidence of its execution, nor of its contents. Yet if the obligor of a bond, or of any other instrument, acknowledges the bond in the presence of the clerk, who records it on his books, if the bond be afterwards lost, the clerk is a competent witness to prove that the obligor acknowledged the bond and that he transcribed it on his books. So if the obligor were to acknowledge the execution of a bond

to any one else who should take a copy of it, should the bond be lost, the testimony of the person, showing that the obligor acknowledged the execution of the bond, a copy of which he produces, would be sufficient to establish its execution and contents.

2. The practice is settled, that in all suits in chancery against absent defendants, unless they have appeared and submitted to the jurisdiction of the court, it is necessary that the complainant should execute the bond required by the statute before a decree can be rendered in his favor, conditioned that the complainant will abide such order or decree, touching the restitution of the estate or effects, as the court may make concerning the same, on the appearance and petition of the defendant to have the cause reheard.—Clay's Digest 353; 5 Ala. 158. The interests of several of the absent defendants, who have not appeared, are directly affected by the decree, and the complainant has not given the bond required. This is an error for which the decree must be reversed.

3. The facts disclosed by the pleadings and proof are, that Hollingsworth, having an equitable title to the land, sold it to the complainant, but no conveyance was executed, nor was the contract reduced to writing; that the complainant afterwards sold it to Lane, and Hollingsworth at the request of the complainant, executed a bond for titles to Lane, with condition to make titles on the payment of two notes executed by Lane to secure the purchase money, one to the complainant for one hundred and eight-eight dollars and the other to Hollingsworth for eighty-seven dollars; that Lane assigned this bond to Portis, who assigned it to Leaird; that Leaird, becoming embarrassed, conveyed the lot to one Brock by deed of trust, to secure the payment of certain debts; and that Brock, the trustee, sold the lot at public auction, and Rowland became the purchaser for a full consideration. At this sale Hollingsworth was present, and stated to the bidders that the purchaser would get a good title. Rowland paid the purchase money and received a deed from Brock, the trustee. Under these circumstances, the chancellor decreed that the execution of Hollingsworth was not entitled to charge the land with the amount due on the note executed by Lane to him, but that the representations of Hollingsworth could not affect the right of the complainant.

Rowland et al. v. Day.

We fully agree with the chancellor, that the representations of Hollingsworth could not affect the right of the complainant. The condition of the bond was to make titles to Lane, when he should pay the complainant the note due to him for one hundred and eighty-eight dollars, and also to Hollingsworth the note of eighty-seven dollars. Hollingsworth had the right to receive the amount due on the note to him, and consequently could release or discharge it; his representations could affect his right. But he had no authority to receive payment of the note due to the complainant, nor to release the demand; his representations therefore, respecting the title, as they were not made by the authority of the complainant, cannot operate to extinguish his equitable right to charge the land with the payment of the note due to him.

4. It is true that the answer of Rowland alleges that he has obtained the legal title to the land. Had this allegation been proved, it would have presented a serious question, whether a court of equity, under the circumstances disclosed by the proof, would have subjected the legal title in his hands to the payment of the debt due to the complainant. In proof, however, of his legal title, he has shown only a decree, rendered in a cause to which the complainant was not a party, in which it is recited that the legal title was in the heirs at law of Chas. W. Peters, and which decrees that such legal title be divested from them and authorizes the register of the court to convey it to the defendant Rowland. He then shows that in pursuance of this decree, the register did execute to him a conveyance purporting to convey the legal title. The complainant is not bound by the recitals in this decree, and as against him, they are not evidence that the legal title to the land ever was vested in the heirs of Peters. In order to have raised the question whether he should be protected by virtue of his legal title, he should have introduced the evidence necessary to establish the legal title in the heirs of Peters, and then have shown that this legal title was divested from them by a decree rendered in a cause to which they were made parties, and that he had acquired this title. The mere recitals in the decree, however, that the legal title was in the heirs of Peters, are no evidence against a stranger to that decree. Let the decree be reversed and the cause remanded.