# TROY *vs.* SMITH & SHIELDS.

[BILL IN EQUITY FOR FORECLOSURE OF MORTGAGE.]

1. *Subrogation.*—A creditor is entitled to the benefit of a mortgage, placed by his debtor in the hands of a surety, for indemnity or security against the debt, and may enforce it for his benefit.

2. *Conflicting liens of mortgage and execution.*—The lien of a mortgage, duly recorded, is superior to that of a purchaser at sheriff's sale against the mortgagor, under an execution issued after the registration of the mortgage.

3. *Admissibility of judgment as evidence.*—The record of a judgment is not admissible evidence, as against a prior purchaser from the defendant therein, to show the existence of an indebtedness prior to its rendition. (RICE, C. J., *dissenting.*)

4. *Validity of mortgage impeached for fraud.*—A mortgage, founded on valuable and adequate consideration, will not be 'declared void for fraud, when assailed by a subsequent purchaser at execution sale against the mortgagor, on proof of the mortgagor's embarrassed condition and relationship to the mortgagee.

APPEAL from the Chancery Court of Dallas.

Heard before the Hon. JAMES B. CLARK.

THE bill in this case was filed by the appellees, as creditors of Charles K. Walker, and sought to foreclose a mortgage on two slaves, which the said Walker had executed to his sureties on the notes due to complainants, to indemnify them against liability thereon. The notes were due on the 1st July, 1855, and the mortgage contained a power of sale in the event of any default being made in their payment. The mortgage was executed on the 20th October, 1854, and was duly proved and recorded on the 15th November following. Before the law-day of the mortgage, the slaves were sold by the sheriff under executions against said Walker, which were issued on judgments rendered in November, 1854, and were purchased at the sale by Daniel S. Troy and C. C. Pegues. After the sale under execution, the mortgage was assigned to the complainants. The purchasers at the sheriff's sale were made defendants to the bill, and filed answers, in

which they alleged fraud in the execution of the mortgage, and demurred to the bill for want of equity. On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainants, which the defendants now assign as error.

GEORGE W. GAYLE, for the appellant.

BYRD & MORGAN, contra.

WALKER, J.—The bill in this case was filed by creditors, for the foreclosure of a mortgage on personal property, given by the principal debtor for the indemnity of one of the sureties. The complainants have a right to the benefit of the mortgage given by their principal debtor for the benefit of a surety on their debt, and may maintain a bill in chancery for the enforcement of the mortgage in their favor.—Toulman v. Hamilton, 7 Ala. 362; Ohio Life Ins. Co. v. Ledyard, 8 Ala. 866. The surety in this case assigned his mortgage to the creditors, who file the bill. While this fact may not enlarge, it certainly does not diminish or detract from the complainants' rights. Their claim to relief is not dependent upon the assignment, but may be rested upon their equitable right of subrogation. The validity of the assignment of the mortgage is therefore not an important matter of examination.

[2.] The defendants Troy and Pegues purchased at a sale under execution against the mortgagor. The executions issued upon judgments rendered after the date of the mortgage, which was duly recorded within the time prescribed by law. The sale, at which Messrs. Troy and Pegues purchased, was made after the mortgage was recorded; and the executions, under which they purchased, do not appear to have issued before the mortgage was recorded. Consequently, no lien upon the slaves, in favor of the plaintiffs in the judgments, attached before the mortgage was recorded. The lien of the mortgage was, therefore, prior to that of the executions; and the right of the mortgagee, and of the complainants by subrogation, was superior to that of the execution creditors, and of

Messrs. Troy and Pegues, the purchasers under the executions, unless the mortgage is successfully assailed for fraud.—Code, §§ 2456, 1291.

[3.] To sustain the imputation of fraud, resort is had to the principle settled in Wood v. McCain, 4 Ala. 258; Branch Bank v. Kinsey, 5 Ala. 9; McGintry v. Reeves, 10 Ala. 127; McCaskle v. Amarine, 12 Ala. 17; Dubose v. Young, 14 Ala. R. 139; and Pennington v. Woodall, 17 Ala. 685. Those decisions cast the *onus* upon one claiming under a conveyance by a debtor, in a controversy with a creditor whose debt existed at the date of the conveyance, to show that there was a valuable consideration for such conveyance. That burden is not, by virtue of the principle referred to, cast upon the complainants, because it is not proved that any of the debts, to satisfy which the property was sold, existed at the date of the mortgage. A memorandum of the dates and amounts of the different judgments was, by consent, given in evidence. Those judgments are of date subsequent to the mortgage. It was also admitted, that the suits, in which the judgments were rendered, were pending at the date of the mortgage. Those judgments, and the records of the suits in which they were rendered, were *res inter alios acta* as to the complainants, and were, therefore, only evidence against them to prove the *fact* of such judgments. They were not evidence, as against strangers, that the debts existed when the suit was commenced. The records are evidence in this case, only so far as they are evidence against all the world; that is, to prove *rem ipsam*—that judgments were rendered. They cannot be evidence of the facts necessary to authorize them. A judgment of conviction of an assault and battery is evidence against every body of the fact that the defendant was so convicted, but would not be evidence, in a subsequent suit by the person beaten to recover damages, of the assault and battery, facts the ascertainment of which was necessarily involved in the conviction.—Stephens v. Jack, 3 Yerger, 405; 2 Starkie on Ev. 183, 184. So, here, the judgments could not be evidence of an indebtedness at the commencement of the suits, although the ascertainment

of that fact was preliminary to them.—Snodgrass v. Bank at Decatur, 25 Ala. 161; Rowland v. Day, 17 Ala. 681; Ansley v. Carlos, 9 Ala. 973. In the last named case, the principle is correctly stated, that a judgment is not evidence, against those who are neither parties nor privies, of the facts upon which it is founded.—See, also, Firemen's Ins. Co. v. McMillan, 29 Ala. 147. As the only evidence of the debts, under which Messrs. Troy and Pegues purchased, is the records of judgments rendered after the mortgage, we decide, that there is no legal proof of the existence of those debts at the date of the mortgage, and that it is therefore not shown to be voluntary.

[4.] But reference is made to the embarrassed condition of the mortgagor, and his relationship to the mortgagee, as proof of a fraudulent intent. These facts, however, are not sufficient to establish a fraudulent intent, if the mortgage was made upon an adequate and valuable consideration. Guided by the rules of law in an examination of the evidence, we are led to the conclusion, that the indebtedness existed, to secure which the mortgage was given, and that therefore there was a valuable consideration for it. The notes secured by the mortgage were given in evidence, and they bear a date prior to that of the mortgage. There is some evidence, conducing to show the genuineness and consideration of those notes, and there is no denial of either in the answer. The notes certainly existed when the mortgage was executed. Those notes, as well as the mortgage, evidenced an admission, in solemn form, of the indebtedness which constituted the consideration of the mortgage; and we elicit from the testimony no sufficient reason for distrusting the correctness of the admission. The admission evidenced by the notes, being made before the existence of the debts under which Messrs. Troy and Pegues claim, is evidence against them. In the case of Dubose v. Young & McDowell, 14 Ala. 139, it was expressly ruled, that the admission of indebtedness by a grantor in a conveyance was evidence in favor of the grantee, against one who subsequently became a creditor of the grantor.—See, also,

Goodgame v. Cole, 12 Ala. 77 ; Simerson v. Branch Bank at Decatur, 12 Ala. 205.

Finding, upon the evidence before us, that the complainants' mortgage was neither voluntary nor fraudulent in intent, we affirm the chancellor's decree, at the costs of the appellant.

RICE, C. J., dissenting on the third point.