# Yeend, Admr. v. Weeks *et al.*

*Bill in Equity by Administrator of a Surety on an Administration Bond, to have Conveyances by his Co-surety set aside as Fraudulent.*

1. *Fraudulent conveyances; who can attack; proof of debt on bill filed to set it aside.*—Only those persons whose rights are interfered with, and who are injured by conveyances alleged to be fraudulent, have the right to have them set aside; and when a party claiming to be a creditor of the grantor seeks by bill in equity to set aside a conveyance as fraudulent, he must establish the existence of a debt to him to the payment of which the property conveyed could be subjected, if the conveyance did not stand in the way obstructing legal remedies; and the parties claiming under such fraudulent conveyance may dispute the existence of such debt, requiring it to be proved, and against it they may prefer any defense. not merely personal, which the debtor could have preferred in an independent suit upon it.

2. *Bill to set aside fraudulent conveyance by judgment creditor; effect of judgment as evidence when conveyance is assailed for actual fraud; burden*

[Yeend, Admr. v. Weeks *et al.*]

*of proof.*—A judgment against a grantor in an alleged fraudulent conveyance, when rendered by a court of competent jurisdiction in the legal course of judicial proceedings, in the absence of fraud or collusion, is conclusive evidence of a debt existing at the time of its rendition, but is not evidence that the debt existed at any time anterior thereto; and if the conveyance is assailed as being tainted with actual fraud, thereby rendering it void both as to existing and subsequent creditors, the judgment of itself establishes the existence of the debt, authorizing the creditor to impeach the conveyance; and in such case, the burden of proving the actual fraud is upon the complainant.

3. *Same; effect of judgment as evidence where conveyance is impeached as merely voluntary; burden of proof.*—A grantee is not bound or affected by a judgment or decree rendered against his grantor, in a suit commenced after alienation; and where the judgement is rendered subsequent to the execution of a conveyance by the judgment debtor, in order to entitle the judgment creditor to impeach such conveyance as merely voluntary and therefore constructively fraudulent, there must be independent, distinct evidence of facts showing the cause of action which authorized the rendition of the judgment, and that the debt upon which the said judgment was founded antedated the conveyance; and in such case the burden is on the grantee to prove that he paid an adequate and valuable consideration.

4. *Same; judgment competent evidence of debt.*—On a bill filed by a creditor to set aside a conveyance by his debtor, on the ground of actual fraud, a judgment recovered by the complainant against the debtor, after the execution of the alleged fraudulent conveyance, is competent evidence of the existence of the debt, and establishes the creditor's right to attack the conveyance.

5. *Fraudulent conveyance; contingent liability.*—The statute of frauds, which avoids fraudulent and voluntary conveyances in favor of creditors, protects a contingent liability against such conveyances as fully as a debt which is certain and absolute; and one whose claim is based upon a contract in existence at the time of the execution of the conveyance assailed, is a creditor within the meaning of the statute, although no breach of said contract may have occurred until after the execution of said conveyance.

6. *Rights of sureties on administrator's bond, as against fraudulent and voluntary conveyances.*—The liability of a surety on an administrator's bond makes him a creditor, within the provisions of the statute of frauds, from the date of the execution of the bond, and though he has no cause of action until he has paid the debt, he is entitled to protection against fraudulent conveyances executed by the principal debtor in the meantime; and the payment by a surety of a judgment recovered on the administrator's bond subrogates him to the rights of the judgment creditor, with the right to have set aside a fraudulent and voluntary conveyance executed by his co-surety prior to the judgment, but subsequent to the execution of the bond.

[Yeend, Admr. v. Weeks *et al.*]

7. *Fraudulent conveyance by surety on administrator's bond.*—On a bill filed to set aside a conveyance as fraudulent and void as to creditors, it was shown that the grantor in said conveyance, who was the co-surety with the complainant on an administrator's bond, owned a farm and was engaged with his brother in raising sheep; that two years before a suit against him as surety on the administrator's bond was commenced, he executed a bill of sale to his share of the sheep to his wife, without dissolving partnership, but continued in the business; that a few days before this sale, he conveyed his land to a person who, within a short time, re-conveyed it to the grantor's wife. The bill of sale and the deed for the lands to the grantor's wife were not recorded until after suit was commenced against the grantor; and no explanation of such failure was made. Neither the grantor nor his wife testified as to the *bona fides* of the conveyance to the lands, nor was it shown that the wife had any money at the time of the conveyances to her. The husband and wife testified that the consideration for the sale of the sheep was a debt the husband had owed the wife for about twenty years. *Held*: That the conveyances were made with the intent to hinder, delay and defraud the husband's co-sureties on the bond, and were, therefore, void.

8. *Setting aside submission discretionary; not revisable on appeal.*— When a cause has been submitted for final decree on pleadings and proof, the setting aside of the order of submission, for the purpose of allowing new evidence to be introduced, is within the discretion of the chancellor, and his rulings thereon are not revisable on appeal.

APPEAL from the Chancery Court of Mobile.
Tried before the Hon. W. H. TAYLOE.

The bill in this case was filed on May 16, 1893, by Thomas A. Yeend, as administrator of the estate of George Brown, deceased, against Dorval W. Weeks, Rosalie Weeks, Felix Andry and Joseph D. Weeks; and sought to have set aside as voluntary and fraudulent certain conveyances executed by the said D. W. Weeks to each of the other respondents; and also a contribution from said D. W. Weeks of his share of the amount paid by the complainant's intestate on the administration bond of one Hall, and that the property so fraudulently conveyed be declared liable for the payment of such contribution.

According to the allegations in the original bill, in July, 1884, John W. Hall was appointed administrator of the estate of Stephen Dowty, deceased. George Brown and Dorval W. Weeks were the sureties on his administration bond. In March, 1890, William Dowty, a minor, and the only heir-at-law of Stephen Dowty, de-

ceased, filed his bill in the chancery court by his next friend against the said Hall, as administrator as aforesaid, and also against said George Brown and D. W. Weeks, as sureties of said Hall, charging that Hall had improperly administered the assets that came to his hand as administrator, and had committed numerous devastavits, and asking for a decree against the said Hall and his said sureties. on account of said devastavits. On January 30, 1892, the chancery court of Mobile county rendered a decree in said cause in favor of the complainant, Dowty, against the said defendants, for the sum of four thousand dollars and costs. Subsequent to the rendition of said decree, the defendent George Brown died, and the appellant in the case at bar, Thomas A. Yeend, became the administrator of said George Brown's estate ; and on May 16, 1893, filled the present bill in Mobile chancery court against Dorval W. Weeks as co-surety on the administration bond of said Hall, deceasd, alleging the rendition of the above mentioned decree in said cause of William Dowty against John W. Hall, George Brown *et al.*, and also alleging the payment by his intestate, George Brown, of said decree for four thousand dollars and costs. The right of contribution sought by the complainant's bill is based upon the above mentioned decree rendered in the case of Dowty against Hall, ascertaining the devastavits by Hall as administrator aforesaid, and upon the payment in full by said Brown, as co-surety on the bond of said Hall, of the money ascertained to be due by said decree.

Appellant's bill also alleges that on November 30th, 1892, he as administrator of said Brown, deceased, recovered a judgment in the Baldwin county circuit court against the said Dorval W. Weeks, as his co-surety on the said bond of John W. Hall for the sum of two thousand, one hundred and thirty-three and 34–100 dollars. The bill then charges that the said Dorval W. Weeks, being the owner of certain personal and real property described therein, made fraudulent transfers and conveyances of the same for the purpose of escaping liability as one of the sureties of said Hall, administrator ; that Felix Andry, and one Rosalie Weeks, wife of D. W. Weeks, participated in this fraudulent scheme for the purpose of aiding the said D. W. Weeks in carrying out his design, and to this end, the said Felix Andry received

a conveyance from the said Weeks and wife of date
August 16th, 1887, conveying certain lands, and that on
September 24th, 1887, the said Andry, by deed, con-
veyed said land to said Rosalie Weeks, and that while
these conveyances recited cash considerations, there was,
in fact, no consideration paid and the purchase money
named was simulated; that on August 20th, 1887, said
Dorval W. Weeks made a bill of sale to his wife convey-
ing certain sheep and cattle for an expressed considera-
tion, but that this was also simulated, and the convey-
ance was in fact gratuitous and made for the purpose of
putting his property beyond the reach of the law; and
that said D. W. Weeks also made a fraudulent convey-
ance of certain land owned by him to his son, Joseph D.
Weeks, who took said conveyance with a knowledge
of the fraudulent purpose of his father.

In their answer to the bill the defendants deny the al-
legations of fraud and collusion made therein, and allege
good faith, honesty and fairness in the several transac-
tions, and the defendant Andry and Rosalie Weeks deny
a knowledge of the facts that said D. W. Weeks was a
surety on the bond of said Hall, as administrator.

The complainant examined no witness, and on the
hearing of the cause, offered in evidence the record and
proceedings in the said cause of Dowty against Hall and
others, including the final decree therein, and the duly
certified transcript from the circuit court of Baldwin
county of the record and proceedings in the case of
Thomas A. Yeend against Dorval W. Weeks, wherein
judgment was rendered against the defendant on Novem-
ber 30, 1892. Objection was made by the respondents
to the admissibility of said records and proceedings as
evidence against the respondents Felix Andry and Ro-
salie Weeks and Joseph D. Weeks. These objections
were based upon the ground that as the deed from D. W.
Weeks to Andry, and the deed from Andry to Rosalie
Weeks antedated the filing of the said bill of William
Dowty against Hall and others, and antedated the judg-
ment in the circuit court, the records, proceedings, judg-
ments and decrees in this case were as to these defend-
ants *res inter alios acta*, and that, therefore, they can not
be bound by any fact ascertained or determined in said
causes, but are entitled to have their day in court and
contest the liability of Hall as surety on the charge of

waste and devastavit. The other facts of the case are sufficiently stated in the opinion.

After the submission of the cause the complainant made a motion that said submission be set aside and that he be allowed to take further testimony to establish the existence of the indebtedness for which he seeks to condemn the property described in said bill ; and this motion was submitted for decree on the affidavit of the receiver in said cause which showed that said Brown had paid the judgment recovered. This motion was overruled in the final decree of the chancellor.

On the final submission of the cause, on the pleadings and proof, the chancellor, after reviewing the evidence, and declaring that all the conveyances attacked in the bill were fraudulent and void, decreed that the objections to the admissibility in evidence of the records, proceedings, judgments and decrees in the cases above referred to were well taken ; that the proceedings in said cause could not be evidence against any of the parties to this cause, except the said D. W. Weeks ; and that, therefore, no proof having been made of the payment of said decree by said Brown, the complainant had failed to make out his case and ordered the bill dismissed.

This appeal is prosecuted by the complainant in the court below, who assigns as error the decree of the chancellor overruling his motion to set aside the submission, and in decreeing that the complainant was not entitled to relief, and in dismissing the bill.

GREGORY L. & H. T. SMITH, for appellant.—1. A certified copy of the record and proceedings of the circuit court of Baldwin county which were introduced in evidence, conclusively established as against all the world, that the complainant became a creditor of said Dorval W. Weeks, at least from the rendition of this judgment. *Dubose v. Young*, 14 Ala. 139 ; *Snodgrass v. Branch Bank*, 25 Ala. 161 ; *Troy v. Smith*, 33 Ala. 469 ; *Lawson v. Warehouse Co.*, 73 Ala. 293 ; *Pickett v. Pipkin*, 64 Ala. 522 ; *Marshall v. Croom*, 60 Ala. 128.

2. And even if this be all the evidence of an indebtedness, and though this establish only an indebtedness subsequent to the conveyance, it will suffice to set aside the conveyance if infected with actual fraud ; for such transactions are void alike as to existing and subsequent cred-

[Yeend, Admr. v. Weeks *et al.*]

itors.—*Lawson v. Warehouse Co.*, 73 Ala. 289 ; *Huggins v. Perrine*, 30 Ala. 396; *Pulliam et al. v. Newberry*, 41 Ala. 175 ; *Williams v. Avery*, 38 Ala. 115 ; *Kirksey v. Snedecor*, 60 Ala. 198 ; 2 Brick. Dig., 21, § 100.

3. And there being no consideration for these conveyances, or at least no consideration for those to Felix Andry and Joseph W. Weeks, and only an inadequate consideration for that to Rosalie Weeks, it is, even against a subsequent creditor, the intention of D. W. Weeks that is material, and not that of the grantees. If the grantor, D. W. Weeks, had such a fraudulent intent, his voluntary conveyance is void even as to subsequent creditors, although his donee had no notice of such fraudulent intent.—*Seals v. Robinson & Co.*, 75 Ala. 371 ; *Pickett v. Pipkin*, 64 Ala. 520; *Huggins v. Perrine*, 30 Ala. 396.

4. Not finding the existence of actual fraudulent intent on the part of Weeks, the decree of the chancellor is supported by the following badges of fraud : The recital of an exaggerated consideration in one conveyance, and of simulated consideration in another. It is unnecessary to misrepresent this, or any other fact, and to do so evidences a purpose to mislead.—*Lawson v. Warehouse Co.*, 80 Ala. 343 ; *Stovel v. Herrington*, 7 Ala. 142 ; *Tatum v. Hunter*, 14 Ala. 557; *Proskauer v. Savings Bank*, 77 Ala. 261. The inadequacy of price in the alleged sale to Rosalie Weeks is a badge of fraud.—*English v. Lane*, 1 Por. 328 ; *Bozeman v. Craughan*, 3 Stew. 243 ; *Gordon v. Tweedy*, 71 Ala. 213 ; *Prosser v. Henderson*, 11 Ala. 484. The relationship between the parties, and the fact that D. W. Weeks conveyed all of his property to his wife and son (for Felix Andry was merely a conduit of title) is more than suspicious.—*Moog v. Farley*, 79 Ala. 252 ; *Vincent v. State*, 74 Ala. 274 ; *Harrell v. Mitchell*, 61 Ala. 270; *Hamilton v. Blackwell*, 60 Ala. 545; *Hubbard v. Allen*, 59 Ala. 283 ; *Pyron v. Lemon*, 67 Ala. 458. The failure to record a conveyance is also a badge of fraud. The recording of the several conveyances is particularly suspicious in this case. While such failure to record is open to explanation, it is a badge of fraud, calling for explanation, and none is offered.—*Seals v. Robinson*, 75 Ala. 372 ; *Mobile Sav. Bank v. McDonnell*, 87 Ala. 743 ; *Tryon v. Flournoy*, 80 Ala. 328.

5. It is, and must be, conceded that as against creditors, whose claims are shown to have existed at the date

[Yeend, Admr. v .Weeks *et al.*]

of the execution of a conveyance, it will be set aside as fraudulent unless shown to have been made upon a valuable and fair consideration, which, as we have seen, is not the case here.—*Moog v. Farley*, 79 Ala. 252; *Vincent v. State*, 74 Ala. 274; *Caldwell v. Pollak*, 91 Ala. 359; *Nat. Bank v. Kennedy*, 91 Ala. 472; *Waxelbaum v. Bell*, 91 Ala. 333; *Lipscomb v. McClellan*, 72 Ala. 151; *Buchanan v. Buchanan*, 72 Ala. 55; *Houston v. Blackwell*, 60 Ala. 545; *McCaskle v. Amarine*, 12 Ala. 24; *Huggins v. Perrine*, 30 Ala. 396.

PILLANS, TORREY & HANAW, *contra.*—1. A grantee is not bound or affected by a judgment or decree rendered in a suit begun against the grantor after the alienation or grant.—*Tutwiler v. Dunlap*, 71 Ala. 126; *Coles v. Allen*, 64 Ala. 96; *Donley v. McKiernan*, 62 Ala. 34; *Floyd v. Ritter*, 56 Ala. 356.

2. The bill in this cause is wholly insufficient. It does not allege that Hall, as administrator, was in default, or that he had committed any devastavit whatsoever. It merely recites that these charges were made in a bill in another and different cause to which these defendants were not parties, unless Dorval W. Weeks is held to have been a party.—*Tutwiler v. Dunlap*, 71 Ala. 126; *Coles v. Allen*, 64 Ala. 98.

3. Even if appellant had properly proved a devastavit by said Hall, administrator, and the amount, it was necessary for him to prove another essential allegation, to-wit, that his intestate Brown had paid the debt of his said principal, Hall, and was, therefore, entitled to contribution.—*Tyree v. Parham*, 66 Ala. 424.

4. After argument and submission of the cause, appellant moved the court to set aside the submission and give him leave to take further testimony. No reason is given for this motion, no excuse made or cause stated why complainant desired to take further testimony, nor upon what point he wished more proof, nor is any diligence shown or offered to be shown, nor is any surprise alleged or shown. The court below exercised its discretion correctly, and this court will not revise the exercise of that discretion.—*Lyon v. Bolling*, 14 Ala. 754; *Shields v. Burns*, 31 Ala. 535.; *Broda v. Greenwald*, 66 Ala. 538.

HARALSON, J.—1. When one makes a conveyance

[Yeend, Admr. v. Weeks *et al.*]

of his property on a consideration which is *merely* good, as contradistinguished from one which is valuable, it is without effect, inoperative and voidable against any debt the grantor may owe at the time of its execution; and this, without reference to the good intentions of the parties, and the solvency or insolvency of the grantor, at the time of the execution of the conveyance. Such a conveyance, when not tainted with actual fraud, is void only as to antecedent debts; but if made with an intent to hinder, delay and defraud creditors, which is actual fraud, it is void as to subsequent, as well as to existing, creditors.—*Dickson v. McLarney*, 97 Ala. 383; *Seals v. Robinson & Co.*, 75 Ala. 364; *Kirksey v. Snedecor*, 60 Ala. 197; *Huggins v. Perrine*, 30 Ala. 396.

2. Only those persons whose rights are interfered with—who are injured by conveyances alleged to be fraudulent—have the right to interfere to set them aside. Strangers have no interest, and therefore no right, to question their validity; and, between the parties and their privies, they are valid. When one aggrieved by such a conveyance calls its validity in question, and moves to set it aside, the parties claiming under the gift or conveyance may dispute his claim by demanding that he shall prove himself to be a creditor of the grantor or donor, with a valid, subsisting debt against him. The fact of primary importance in such a proceeding—whether it be to set aside the conveyance, as constructively fraudulent and therefore voidable as against past due debts, or actually fraudulent, and voidable as to future as well as to past obligations—is the existence of a debt, for the payment of which, except for the conveyance, the property transferred could be made liable. The grantee in the conveyance must have an opportunity to dispute the debt, and may plead any defense, not merely personal, which the grantor or debtor could have made against it. *Troy v. Smith*, 33 Ala. 469; *Halfman v. Ellison*, 51 Ala. 544; *Pickett v. Pipkin*, 64 Ala. 520; *Lawson v. Ala. Warehouse*, 73 Ala. 292, and authorities *supra*.

3. The decisions of this court also establish the principle, that "no alienee, grantee, or assignee is bound or affected by a judgment or decree rendered in a suit against the alienor, grantor, or assignor subsequent to the alienation, grant or assignment; for the plain reason, that otherwise his rights of property could be divested

without his consent; and the fraud or laches of the grantor, could work a forfeiture of estates he had created by the most solemn conveyances."—*Coles v. Allen*, 64 Ala. 106; *Donley v. McKiernan*, 62 Ala. 34; *Floyd v. Ritter*, 56 Ala. 359. But, this principle does not, in any wise, conflict with that other, that where a judgment is rendered by a court of competent jurisdiction in the regular course of judicial proceeding, without fraud or collusion, it is conclusive evidence of the amount and existence of a debt at the time of its rendition, and that, in a proceeding by the plaintiff against the defendant and his grantee, to set aside an alleged fraudulent conveyance, such judgment whether rendered prior or subsequent to the conveyance, is competent evidence of the debt, and that the plaintiff therein stands in a relation to be affected or injured by the conveyance. As was said in *Lawson v. Ala. Warehouse Co.*, 73 Ala. 293, "It is not evidence of an indebtedness existing at any time anterior to its rendition; and if the conveyance is impeached as *merely* voluntary, as wanting in a valuable consideration, if the time of rendition is subsequent to the conveyance, there must be other evidence than the judgment affords, to show the existence of the debt, when the conveyance was made. But if, as in the present case, the gift or conveyance is assailed as tainted with actual fraud, as having been made to hinder, delay or defraud existing creditors, it is void, not only as to such creditors, but as to subsequent creditors; and the judgment, of itself, establishes the right of the creditor to impeach the gift or conveyance."

4. If then there is no more proof than the judgment itself—in the absence of fraud or collusion, as we have seen—it is evidence of the existence of a debt at the time of its rendition, and only at that time. This is sufficient to entitle the judgment creditor to impeach the fraudulent conveyance as tainted with actual fraud. In such case, the burden of proving the actual fraud would be upon the complainant. If the complainant, however, would use the judgment to the prejudice of a grantee in a deed alleged to be only voluntary and constructively fraudulent, there must be independent, distinct evidence of facts showing the cause of action which authorized the rendition of the judgment, and that it is older than the conveyance.—*Coles v. Allen*, 64 Ala. 106. If the right

[Yeend, Admr. v. Weeks *et al.*]

out of which the judgment springs is older than the voluntary conveyance, the latter must yield to it, (*Anderson v. Anderson*, 64 Ala. 405) ; and, in such case, on a bill filed by the judgment creditor to set it aside, the burden is on the grantee to prove that he paid an adequate and valuable consideration.—*Chipman v. Glennon*, 96 Ala. 263 ; *Page v. Francis*, 97 Ala. 379; *Moore v. Penn*, 95 Ala. 200 ; *Hamilton v. Blackwell*, 60 Ala. 545. And, again, if the transferee be a near relation, fuller and more satisfactory proof is required, than when strangers are the contracting parties.—*Thorington v. City Council of Montgomery*, 88 Ala. 552.

5. It must be stated, in this connection, that an administration bond is a continuing obligation of security from the day of its execution to the termination of the administrator's authority to act ; and though it antedates a voluntary conveyance, yet, the ascertainment of its breach, by proper judicial proceeding, begun and concluded after the execution of such conveyance, will, as between the judgment creditor and the grantor in the conveyance, relate back to the date of the bond, and be held to be a debt existing at that time. Such a bond is unlike a promissory note or other claim made upon a present consideration, after the execution of a voluntary conveyance. A contingent claim is as fully protected, as a claim that is certain and absolute.—*Bibb v. Freeman*, 59 Ala. 615 ; *Anderson v. Anderson*, 64 Ala. 405 ; *Fearn v. Ward*, 65 Ala. 33 ; *Corr v. Shackelford*, 68 Ala. 241 ; *Kelly v. McGrath*, 70 Ala. 80 ; *Keel v. Larkin*, 72 Ala. 500.

6. Another principle equally well settled is, that the liability of the surety on an administrator's bond or other contingent obligation, makes him a creditor within the provisions of the statute of frauds, from the date of the contract, and though, generally, he has no cause of action until he has paid the debt, he is entitled to protection against fraudulent conveyances executed by the principal debtor in the meantime. As was stated in *Keel v. Larkin*, 72 Ala. 500, *supra*, "The claim of the surety is considered as having existed—so far as to constitute him a creditor—at the time he incurred the contingent liability, being *debitum in presenti, solvendum in futuro;* his subsequent payment of the debt extending back by relation to that date, although no demand, or

right of action technically accrues until a subsequent date. The surety is thús, in a certain sense, subrogated to the rights of the creditor, whose claim he has been compelled to pay." This principle extends to sureties, as between themselves, where one has paid the joint obligation of all. The right of contribution between them, is founded on natural justice, is secured by statute, and may be enforced by summary proceedings.—Code, §§ 3149, 3151; *Bragg v. Patterson,* 85 Ala. 233; 1 Brandt on Suretyship and Guaranty, § 254.

7. Let us make application of these principles to this case. The record in the case of *Dowty v. Hall, Weeks and Brown,* was relevant to show, as it did, that a decree was rendered therein against said Weeks and Brown as sureties for $4,000. This decree was conclusive evidence of a debt existing at that time to Dowty, but it was nòt evidence of · an indebtedness to any other person than Dowty, nor of the existence of said debt, prior to its rendition.

The decree by itself, was no more evidence, as between Weeks and Brown, the sureties, to show that the defendant, Weeks, owed Brown anything, at the date of its rendition, than it was to show that Brown owed Weeks. Its only evidential force, apart from other evidence, was, that Weeks and Brown owed the plaintiff in the judgment or decree. But there was an agreement of counsel in writing on the trial—to quote its language—' 'that the allegations contained in the 1st and 2d paragraphs of the original bill of complaint are true, and shall be taken as admitted on the final hearing of the cause, by the defendants, and that the bond set forth in the second paragraph of the complaint was executed on the 11th day of July, 1884." These admissions cover the following facts: that complainant is the duly qualified administrator of George Brown, deceased; that Stephen Dowty died prior to the 11th July, 1884, and that John W. Hall, was his duly appointed administrator; that he gave bond, as such administrator, with Dorval W. Weeks and George Brown as sureties on said bond, and that the copy of the bond set out in the bill is a correct copy of the original which was duly executed. Said bond was introduced in evidence in place of the original. The introduction of this bond, in connection with the decree, was sufficient to show that the decree was authorized

and was rendered on this bond, showing a debt to the plaintiff in the decree, existing, not only at its date, but, as for the rights of the complainant in this case, at the date of the approval of said bond, on the 11th day of July, 1884. This debt was owing, therefore, for the purposes of this bill, by said sureties to William Dowty, the only son and heir of Stephen Dowty, at the last named date. And, as between the sureties on said bond, their obligation to contribute to each other began, also, at that date. So, if it be shown that complainant's intestate, Brown, paid the whole of said decree, after it was rendered against him and his co-surety, Weeks, that fact made Weeks a debtor to Brown, for one-half of the sum so paid, at the date of the bond, on which they were joint sureties, with interest from the time he paid the same.

8. For the purpose of showing that his intestate paid and satisfied this decree, the complainant offered in evidence a duly certified transcript of a judgment and the proceedings thereon, had in the circuit court of Baldwin county, the place of residence of said Weeks. This was a summary proceeding under the Code—section 3151—authorizing a surety, who has paid the debt of his principal, to recover of his co-surety his aliquot proportion of the debt. The complaint in the case set out the appointment of Hall—on the 11th July, 1884—by the probate court of Baldwin county, as administrator on the estate of Stephen Dowty, his due and regular qualification as such; that he gave bond, which is set out, with said Weeks and Brown as his sureties; the filing of said bill by Wm. Dowty—the only heir-at-law and distributee of said Stephen Dowty—in the chancery court of Mobile county, on the 30th March, 1889, against said Hall as administrator, and said George Brown and Dorval W. Weeks as sureties on said bond, wherein complainant charged that certain devastavits and waste had been committed by said Hall in his administration of the estate of said Stephen Dowty; that in said chancery court, such proceedings were had as that on the 30th January, 1892, said court rendered a decree in said cause against the said Hall as administrator, and against the said Brown and Weeks, sureties on his administration bond, in the sum $4,000; that thereafter execution issued on said decree out of said court against

the said Hall and said Brown, which was levied on said Brown's property, and to prevent the sale of his property so levied on, the said Brown paid $4,000 on said decree with interest from the date of its rendition, with costs, to Joseph Hodgson, who was receiver in the cause; and claiming the sum of $2,000, with interest thereon from January 30, 1892, he moved the court for judgment against said Dorval W. Weeks, as contribution from him as his co-surety. Of this proceeding, said Weeks had due and legal notice. On the trial of that motion—on the 30th of November, 1892—a judgment was duly rendered against said Weeks in favor of complainant for the sum of $2,133.34.

9. The transcript of these proceedings against said Weeks, as to him, was proof of all that the complaint contains, and evidenced a debt against him in favor of Brown, at the date of its rendition, which related back and existed, for the purposes of this suit, to the date of said administration bond, (3 Brick.. Dig. 580, § 75), which debt the said Brown had paid in full. We thus have the case of a creditor with a valid subsisting debt, anterior to the execution of said fraudulent conveyances by said Weeks, the debtor. The bill is filed to set aside these conveyances on the two grounds : that they were constructively fraudulent—executed voluntarily and without consideration ; and actually fraudulent—executed to hinder, delay and defraud the complainant's intestate, and to place the property of said Weeks beyond the reach of complainant's intestate for contribution to said suretyship liability.

The burden of proving that these conveyances were not voluntary, but were made in good faith for an adequate consideration, as we have seen, was on the defendants. If actually and not constructively fraudulent, the burden was on the complainant. The complainant introduced no evidence except said administration bond, the record in the Dowty case, to prove the decree therein, and the transcript of the record of his case from the Baldwin circuit court ; and these, with the effect as we have stated. The defendants, Weeks and wife, examined and introduced the deposition of two witnesses, besides their own.

10. In looking for the *bona fides* of these transactions, between this husband and his wife, the pertinent fact

strikes us, that Weeks had been quietly living in Baldwin county for a long number of years, owning several hundred acres of land, engaged since 1872, with his brother, George, in the sheep and wool business. They owned, together, about 1,000 sheep—D. W., three-fourths and George, one-fourth of them. In March, 1889, the bill of Dowty against Hall, and Brown and himself, as sureties, was filed in Mobile chancery court, which resulted in said decree against them of $4,000, in January, 1892. He knew, of course, of the dangers that threatened him in that suretyship. In August, 1887, without any dissolution of the partnership between him and his brother, George, without any reasons assigned or shown for dissolving it, but continuing to reside at the same place, and without engaging in any other business, he sold and transferred to his wife, his interest in the flock of sheep, for the recited consideration of $1,600, which was for money of hers, as he and Mrs. Weeks swore, which he had received and used about the year 1866. This bill of sale was executed and recorded with the formalities of a conveyance of land, and which, executed in August, 1887, was not recorded until August, 1889, several months after the bill by Dowty had been filed against him. If the bill in this case had not been filed, this bill of sale, we are not slow to believe, would never have been brought to light. The wife, after its execution, as is shown, continued the business of sheep and wool culture with George Weeks, with no apparent change of possession or management of the property.

But, the land as well as the sheep must be covered, and, accordingly, we find Weeks and wife, on the 16th of August, 1887, four days prior to the sheep transaction, conveying to Felix Andry, for the recited consideration of $1,000, the 560 acres of land which he owned. This deed was not acknowledged by the wife, separate and apart from her husband, and, if the lands conveyed constituted their homestead, it was ineffectual to pass the same to the extent allowed by law. A deed thus executed is void as to the homestead. This deed was recorded August 19th, 1887. Felix Andry re-conveyed these lands to Rosalie, the wife of said Weeks, on the 20th of September, 1887, for the recited consideration of $1,050, but the deed was not filed for record until the 10th of August, 1889. If Mrs. Weeks had the money with which

to make this purchase, that fact was not shown. In November, 1890, Weeks and wife conveyed to their son, Jos. D. Weeks, forty acres of the same land they had conveyed to Andry and which he had re-conveyed to said Rosalie, for the nominal consideration of two dollars, and this conveyance did not find record until April, 1891.

If Andry had paid any consideration for the conveyance from Weeks and wife to him, and if Rosalie, in turn, had paid him any consideration for his conveyance to her, and if the transaction was a real and not a simulated one, he was very competent to prove these facts, and a failure to examine him is suggestive that the proof could not be made by him, if he should swear truthfully. And more striking and suggestive still is the fact, that Weeks and wife were both examined in their behalf, and neither of them were questioned or deposed as to any fact, touching the consideration and *bona fides* of these conveyances of land. They denied in their answers the allegations of fraud, and averred that said conveyances were made in good faith for the considerations expressed in them, and yet, offered no proof to show the truth of the allegation, themselves being examined as witnesses.

11. The chancellor reviewing the testimony, reached the conclusion, that all of the conveyances of the personal and real property were part and parcel of one scheme to hinder, delay and defraud the complainant's intestate; were voluntary and void as to him. We approve his finding on the facts.

He dismissed the bill, however, on the ground as stated, that it did not aver that Hall, the administrator of Stephen Dowty, was in default as such, or that he owed anything by virtue of his administration; that the proceedings in said cause can not be evidence against any of the parties to this cause, except said Weeks; that the other defendants are entitled to have their day in court, to controvert the issue (that of a devastavit by Hall) on which their liability depends, and the bill, by its averments, did not afford them that opportunity.

From what has been said, it will sufficiently appear in what the learned chancellor mistook the real issue in the cause, and wherein he erred. The real issue was, whether the complainant's intestate was a creditor of said Weeks,

[Gist v. Beaumont.]

either before or after the execution of said conveyances; and whether the same were constructively or actually fraudulent. These issues as tendered by the complainant, the grantee had ample opportunities to contest.

The question of exemptions was not passed on, and if properly presented, is one which is not likely to be of difficult solution.

12. The application to the chancellor pending the submission to set it aside, did not state that the evidence proposed to be taken could be made and by whom, nor any reason why it was not done before the submission of the cause, or any fact showing diligence; nor was it verified. It was within the discretion of the court to either grant or deny the application; but for the reasons stated, it was properly disallowed.—*Magruder v. Campbell*, 40 Ala. 611; *Ex parte Ashurst*, 100 Ala. 573.

Reversed and remanded.