Wm. V. McDermott, of Mobile, for appellant.

W. C. Taylor, of Mobile, for appellee.

157 So. 863

## CODY et al. v. STANFORD.

### 1 Div. 812.

Supreme Court of Alabama.
Nov. 30, 1934.

ANDERSON, Chief Justice.

Bill of complaint by creditor to set aside a conveyance by her debtor, charging that said conveyance was voluntary, or, in the alternative, that it was with the intent to hinder and defraud the complainant.

It is well settled by the decisions of this court that an existing creditor may have the chancery court set aside a deed as fraudulent when it is voluntary, without allegation, that debtor was insolvent or that parties participated in intent to defraud. Kratz et al. v. Bonner, 228 Ala. 607, 155 So. 77; Birmingham Property Co. et al. v. Jackson Securities & Investment Co., 226 Ala. 612, 148 So. 316.

The bill, however, fails to charge that the complainant was an existing creditor when the deed in question was made. It does aver that a suit was brought two days before the deed was made and that a judgment was rendered the following October, several months after the deed was made, and this would naturally indicate from the rendition of the judgment that the cause of action existed when the suit was brought. But it was expressly decided in our early case of Troy v. Smith & Shields, 33 Ala. 469, that the judgment is evidence of the existence of the debt or demand at the time of the rendition of same, but not anterior thereto. This upon the idea that the judgment would not be res inter alios acta as to third persons, but to refer it to a prior date would render it so. Freeman on Judgments, § 418 (4th Ed.). At any rate, the Troy Case, supra, notwithstanding the dissent of Rice, C. J., has been repeatedly approved and followed. Simmons v. Shelton, 112 Ala. 284, 21 So. 309, 57 Am. St. Rep. 39; Yeend v. Weeks, 104 Ala. 331, 16 So. 165, 53 Am. St. Rep. 50; Nelson v. Boe, 226 Ala. 582, 148 So. 311. The bill is therefore defective in so far as it proceeds upon the theory of attacking a voluntary conveyance.

The other alternative, charging fraud, was open to the demurrer of the respondents. The bill does not show that the complainant was an existing creditor, and, in order to be good as charging fraud mala fides, should set out the facts constituting the fraud and not rely upon a mere conclusion of fraud. Tyson v. Southern C. O. Co., 181 Ala. 256, 61 So. 278; Little v. Sterne & Co., 125 Ala. 609, 27 So. 972.

The trial court erred in overruling the demurrer to the bill of complaint, and the decree of the circuit court is reversed and the cause is remanded.

Reversed and remanded.

THOMAS, BROWN, and KNIGHT, JJ., concur.