176 So. 457

## AUTREY v. LATTA et al.

### 6 Div. 141, 141–A.

Supreme Court of Alabama.

Oct. 14, 1937.

Rehearing Denied Nov. 4, 1937.

P. A. Nash, of Oneonta, for appellant.

J. T. Johnson, of Oneonta, for appellees.

THOMAS, Justice.

The bill was not multifarious. Lowery v. May, 213 Ala. 66, 104 So. 5; Henry v. Ide, 208 Ala. 33, 93 So. 860; Gill v. More, et al., 200 Ala. 511, 76 So. 453.

There was a cross-appeal and respective assignments of error, challenging the action of the trial court in rendering a final decree in equity.

It is charged in the bill that J. W. Martin and Luther Latta and his wife wrongfully and fraudulently conspired to defeat complainant in collecting any judgment that she might obtain against Latta and Martin, and, for the fraudulent purpose of carrying out such scheme, the mortgage described executed by Latta to Martin on the real and personal property in question was embraced therein; that the personal property is averred to have been "gotten out of the reach of the court and complainant" so that complainant would be unable to subject the personal property to the satisfaction of any judgment that might be obtained, and for which property the complainant "claims damages against the said J. W. Martin in the sum of her said judgment and costs against the said Latta."

The possession and ownership of the land described, and other properties, are averred to be in Latta, subject to the life estate indicated, and that complainant has a superior lien on the lands to all persons except the life estate to Mrs. W. A. Latta.

It is further averred that Luther Latta owns other property, bonds, or securities, which he has fraudulently concealed to prevent collection of said judgment against him.

In the prayer of the bill the complainant submits herself to the jurisdiction of the court, offers to do equity, and prays that the several parties in interest be made parties respondent, in order that validity of the mortgage be ascertained, and, if found to be a valid and superior mortgage, to determine the amount thereof, that the superior liens and equities of the parties may be adjudicated and a final decree rendered.

Respondent Martin, in his cross-bill, asserts the facts showing that he is a bona fide purchaser without notice; and denies that he wrongfully and fraudulently con-

spired with the said Luther E. Latta to defeat the complainant from collecting any judgment that she might obtain against the said Luther E. Latta; that he denies said mortgage was executed for the purpose of carrying out any fraudulent scheme to defeat the complainant in her efforts to obtain damages out of Luther E. Latta; and further denies that said personal property has been "got out of reach of the court through the fraudulent acts of respondent and said Luther E. Latta"; that respondent did not, in any way, prevent, delay, or defraud complainant out of any personal property belonging to the said Luther E. Latta and had no connection with any such transactions.

Respondent Martin further states as follows:

"Further answering said bill of complainant and each and every averment therein contained this respondent says: That on the 6th day of November 1931 he loaned $1000.00 to the said L. E. Latta and wife, B. M. Latta, and that for the purpose of securing the payment of said indebtedness the said L. E. Latta and wife, B. M. Latta, executed the mortgage, a copy of which is attached to the original bill of complaint as Exhibit E. * * *

"The Respondent and cross complainant further aver that in said mortgage identified as Exhibit E the said L. E. Latta and B. M. Latta agreed to pay all cost, expenses and attorney's fee that may be legally incurred in collecting said indebtedness or in foreclosing the said mortgage, and the $200.00 above referred to is claimed for foreclosing said mortgage. * * *

"Wherefore * * * respondent prays that his answer be taken and considered in the nature of a cross bill, that the complainant Katie Autrey by her next friend, be made a party respondent to this cross bill and that the said L. E. Latta and B. M. Latta also be made parties respondent to this cross bill. * * *

"He further prays * * * that this court will make and enter a decree declaring that he has a superior lien and mortgage on all of the property described in his said mortgage, * * *. He further prays that he be permitted by order of this court to foreclose his said mortgage; and that the court will enter a decree directing that said land be sold by the Register of this court for the purpose of satisfying the indebtedness due to this cross complainant, together with the interest and a reasonable attorney's fee for collecting said indebtedness and foreclosing said mortgage as provided by said note and mortgage on such terms as may be provided by said mortgage or according to law in such matters provided."

For answer to the cross-bill, Mrs. Latta said that she executed the mortgage described, that it was the debt of the husband, and that she is the wife of L. E. Latta, respondent, signing the mortgage as "surety for her husband."

Respondent L. E. (Luther) Latta answering the cross-bill says that he owned the land at the time of the filing of the suit for damages, that it was subject to a purchase-money mortgage of $870 to one Bynum "for the balance of the purchase price of the land, that the only payment made on the mortgage was $60.00 paid in the fall of 1930; that the mortgage has been foreclosed by Bynum on or about the first day of January, 1933; that he is in possession and that such respondent's only interest in the land is that of his statutory right of redemption." He further admits that he and his wife executed the mortgage to Martin for $1,080; that this was a bona fide indebtedness to Martin, given not for the purpose of defrauding or preventing complainant from getting any judgment she might obtain in the suit at law; that the superiority of the Martin mortgage to that of the lien of complainant is shown by the pertinent facts averred. Bynum was made a party respondent to the original bill, but on amendment he is stricken as one of the parties respondent.

The effect of the decree was that Katie Autrey is entitled to the relief prayed for in her bill of complaint in part only, and that the respondent J. W. Martin, a cross-complainant, is entitled to the relief prayed for in his cross-bill; and that Katie Autrey, by reason of her recorded judgment, had a lien on the interest of defendant in judgment, Luther Latta, on the specific lands described in section 11 and in section 2 in Blount county, Ala., subject to the life estate of Nora E. Latta, the mother of defendant in judgment; and that J. W. Martin had a valid mortgage given by Luther Latta and wife, for the sum indicated, on the specific lands described in section 4 of Blount county, Ala.; that the said mortgagee is entitled to the amount of the mortgage

with interest from the first day of December, 1932, date of maturity, in the sum of $1,425, and a further sum of $150 as a reasonable attorney's fee for foreclosing said mortgage.

It is further decreed that the complainant, Katie Autrey, has no lien or claim on the said lands covered by the mortgage of cross-complainant Martin; that the costs of the case "are divided between the said Latta and Martin."

It is further provided that, on the sale of the land covered by the Martin mortgage, any of the proceeds in excess of the amount of the mortgage, interest, and attorney's fees "is subject to the lien and judgment of the complainant."

It is further decreed that Luther Latta "is directed to surrender possession of all of the personal property described in the original bill at the time of the bringing of the suit."

Appellants insist that Millard's statement of the execution of the loan is contrary to business customs that obtain and that it was not a bona fide loan secured by the mortgage in question. Millard testified to the execution of the mortgage from the Lattas to Martin, stating that the witness counted out the money and paid over the recited consideration; and further detailed facts as to the property included in the mortgage, showing its bona fides and the payment of the consideration thereof as indicated. From the whole evidence we are not impressed that Millard did not detail the facts as they occurred.

It has been held that a judgment is not evidence of a pre-existing mortgage debt, it only speaks of the day of rendition. Troy v. Smith, 33 Ala. 469; Calvert v. Calvert, 180 Ala. 105, 60 So. 261; Cody v. Stanford, 229 Ala. 429, 157 So. 868.

The burden of proof as to the charge of fraud in the procurement of a judgment as to the giving of a mortgage to Martin rested upon the complainant. Wright v. Wright, 230 Ala. 35, 159 So. 220; Mathews v. Carrol Merc. Co., 195 Ala. 501, 70 So. 143; Manchuria S. S. Co. v. Donald et al. & Co., 200 Ala. 638, 77 So. 12; Birmingham Trust & Sav. Co. v. Shelton, 231 Ala. 62, 163 So. 593.

When the evidence is carefully considered, it is evident that the court was correct in holding that the loan by Martin was bona fide for value received and without notice of any fact that affected the superiority of lien created by the mortgage securing the loan to mortgagees, that is to say, the liens on the real and personal property secured thereby.

Under the rule that obtains in this jurisdiction, all the interested parties to the property in question were made parties to the respective pleadings and the interest sought to be acquired or canceled is represented. Hodge v. Joy, 207 Ala. 198, 92 So. 171. The decree rendered on material oral evidence before the court rendering the decree is supported by the presumptions of verity that obtain. The decree as affecting Katie Autrey merely declares that her judgment lien upon the lands in question was subordinate to the prior lien of the Martin mortgage. The words of the decree, as described in section 7 of the original bill of complaint as amended, has reference to the several tracts of land in question and declare the priorities, as we have indicated.

It follows from the foregoing that there was no error in the rendition of the decree and the appeal and assignment of error by appellant, Katie Autrey, seeking cancellation of the Martin mortgage is free of error, and therefore the decree is not prejudicial to the substantial rights of the cross-appellant Martin.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.