# Jenkins *v.* Lockard's Adm'r.

*Bill in Equity by Surety, against Voluntary Grantees of Deceased Co-Surety, for Contribution.*

1. *When creditor by simple contract may come into equity.*—A creditor by simple contract is not required to reduce his debt to judgment, beiore resorting to equity to reach and subject property fraudulently conveyed by his deceased debtor, when there is a deficiency of assets in the hands of the personal representative.

2. *Voluntary conveyance; validity of, and who may assail.*—As against the existing creditors of the grantor, a voluntary conveyance is fraudulent in law, although no fraud in fact was intended; and any person who has a claim or demand arising out of a pre-existing contract, though it may be contingent, is a debtor within the meaning of this principle, and may avoid such conveyance when the contingency happens on which his liability becomes absolute.

3. *Same: contribution between co-sureties.*—As between co-sureties, the liability to contribution arises when the common obligation is assumed; and each stands to the other, from that time, in the relation of an existing creditor, though the liability is contingent until the debt is paid.

4. *Bonds, statutory and common-law; validity of.*—When a bond is extorted from a party by a public officer, without legal authority, and as a condition to the allowance of rights or privileges to which the party is entitled without bond, it is absolutely void; but, when a bond is executed voluntarily by a party, and is supported by a sufficient consideration, and is not violative of any statutory provision, or principle of public policy, though no statute required or authorized it, it will be upheld as a valid common-law obligation.

5. *Forthcoming bond, for trial of right of property levied on.*—Under the statute approved February 19, 1867 (Rev. Code, § 3016), a claimant of property, on which an execution was levied, was relieved from giving "sufficient surety" on his bond, but was not prohibited from giving sureties; and if he voluntarily executed a bond with sureties, without any compulsion on the part of the sheriff, and the property was thereupon delivered to him, such bond is supported by a sufficient consideration, and is valid as a common-law obligation.

6. *Same; payment of judgment by surety, and right to contribution.*—Such bond not being a statutory bond, no execution could properly be issued on it, when forfeited, against the sureties; yet, on the rendition of judgment against the principal, default being made in the delivery of the property according to the condition of the bond, one surety may voluntarily pay the judgment, and recover contribution from his co-surety; and the fact that he paid the money

under an execution, which would have been quashed on motion, does not affect his right to contribution.

APPEAL from the Chancery Court of Sumter.

Heard before the Hon. A. W. DILLARD.

The bill in this case was filed on the 11th May, 1874, by Joseph W. Jenkins, as a creditor of William Lockard, deceased, against D. L. Kirkland, as administrator of the insolvent estate of said Lockard, and against Dora E. Lockard and others, children and voluntary grantees of said decedent; and sought to set aside, on the ground of fraud, certain conveyances of property made by said decedent to said several grantees, and to subject the property thereby conveyed to the satisfaction of a claim for contribution asserted by the complainant, on account of his payment of a debt for which, as he insisted, he and said decedent were equally bound, as co-sureties for Mrs. Martha C. Johnson, the wife of Robert Johnson. The debt paid by the complainant was founded on a bond executed by Mrs. Johnson as principal, jointly with said Jenkins and William Lockard, in the penal sum of $4,027.90, dated the 22d April, 1867, payable to James M. Winston, and conditioned as follows: "Whereas the sheriff of said county has, by virtue of an execution issued from the Circuit Court of said county, in favor of said James M. Winston, against one Robert Johnson, levied upon certain personal property, to which the above-bound Martha C. Johnson makes affidavit, in due form of law, that she has just claim; now, if the said personal property shall be forthcoming for the satisfaction of said judgment, if it be liable therefor, and such costs and damages shall be paid as may be recovered for putting in the claim for delay, then this obligation to be void," &c. The claim suit was tried at the October term, 1872, of said Circuit Court, and resulted in a verdict and judgment for the plaintiff in execution, the value of the property being assessed at $2,811.05; and the forthcoming bond being returned forfeited, an execution was thereupon issued by the clerk against all the obligors, on the 8th January, 1873; and William Lockard then being dead, and Mrs. Martha Johnson insolvent, as the bill alleged, the complainant was compelled to pay, and did pay under execution, the amount of the judgment, with costs, being $3,238.75; and one half of this amount he claimed a right to recover from the defendants, and to subject to its payment the property held by them respectively under voluntary conveyances executed by said William Lockard, his co-surety, on the 24th July, 1871. William Lockard died in June, 1872; his estate was declared insolvent on the 11th March, 1874; and the bill alleged that the complainant's demand was presented to

[Jenkins v. Lockard's Adm'r.]

his administrator within eighteen months after the grant of letters, and filed as a claim against his insolvent estate within nine months after the declaration of insolvency.

The chancellor sustained a demurrer to the bill, and dismissed it for want of equity; holding that the forthcoming bond was void, not being required or authorized by law, and that the payment by the complainant was in his own wrong. He cited the following cases: *Carrington v. Caller*, 2 Stew. 175; *Prewitt v. Garrett*, 6 Ala. 128; *Mayor v. Lacy*, 3 Ala. 618; and *Collier v. Windham*, 27 Ala. 291.

The chancellor's decree is now assigned as error.

THOS. COBBS, and R. H. SMITH, for appellant.—Although the statute does not, in terms, require the sheriff to take sureties on the forthcoming bond, he is not forbidden to take them; and it is not to be supposed that it was the intention of the law-makers to require the delivery of property levied on, to an insolvent claimant, a married woman, or an infant, without a bond sufficient to protect the rights of the plaintiff. But the bill does not show that the bond was required, or extorted by the sheriff; and if entered into voluntarily, and founded on sufficient consideration, not being repugnant to the letter, spirit, or policy of the law, it is a good statutory bond.—*Whitsett v. Womack*, 8 Ala. 466. Even though it may not be valid as a statutory bond, being supported by a sufficient consideration, it is good as a common-law bond. *Alston v. Alston*, 34 Ala. 15; *Sewall v. Franklin*, 2 Porter, 493; *Hester v. Keith*, 1 Ala. 316; *Butler v. O'Brien*, 5 Ala. 316; *Williamson v. Woolf*, 37 Ala. 304. The sureties are estopped from denying their liability, under the facts alleged.—*Sprowl v. Lawrence*, 33 Ala. 674, 688. The coverture of Mrs. Johnson was a defense personal to her, and not available to the sureties.—*Dudley v. Witter*, 51 Ala. 465. As to the plaintiff's right to file a bill for contribution, see *Couch v. Terry's Adm'r*, 12 Ala. 225. As to his right to subject property fraudulently conveyed, see Rev. Code, §§ 3446, 3078; *Sanders v. Watson*, 14 Ala. 198; *Huggins v. Perrine*, 30 Ala. 399.

W. G. LITTLE, Jr., *contra*.—The bond was void as to the principal, because of her coverture; and it was void as to the sureties, because the sheriff had no right to require sureties, Rev. Code, § 3016; *Whitted v. Governor*, 6 Porter, 335; *Carrington v. Caller*, 2 Stew. 175; *Prewitt v. Garrett*, 6 Ala. 125; *Mayor v. Lacy*, 3 Ala. 618; *Collier v. Windham*, 27 Ala. 291; *Firemen's Insurance Co. v. McMillan*, 29 Ala. 147. That a bond, when taken without legal authority, is absolutely void, see *Barbour County v. Horn*, 48 Ala. 573; 21 How. U. S. 441.

The payment by the plaintiff was in his own wrong, and gives him no right to contribution. He had a good defense against the execution, and waived it by his voluntary payment,

BRICKELL, C. J.—The bill was filed by the appellant against the appellee, Kirkland, as the administrator of William Lockard, deceased, and Dora E. Lockard and others, voluntary donees of the intestate. The allegations are, that on the 22d day of April, 1867, the complainant and the intestate became the sureties of Martha Johnson, in a bond given by her on a claim of the trial of the right of property to certain personal property, on which the sheriff of Sumter county had levied an execution in favor of James M. Winston, against the goods and chattels of one Robert Johnson. A copy of the bond is exhibited; and it appears to have been payable to said Winston, reciting the levy of execution, and with condition for the forthcoming of the property, if it was found liable to the satisfaction of the judgment in favor of Winston. The claim suit was pending in the Circuit Court of Sumter county, until the October term, 1872, when a trial was had, and the property was found subject to the execution, and its value assessed at $2,811.05. The property was not forthcoming to answer the judgment; and the principal being insolvent, and the intestate having died previously, the complainant paid the said judgment. The estate of the intestate was declared insolvent on the 11th March, 1874. The claim of complainant against the intestate, for contribution, was presented to the administrator, within eighteen months after the grant of administration, and was filed in the Court of Probate, within nine months after the declaration of insolvency; but there are no assets in the hands of the administrator, to pay any part of it. In July, 1871, the intestate made several voluntary conveyances to the respondents, Dora E. Lockard and others. The prayer of the bill is for a condemnation of the property so conveyed to the satisfaction of complainant's claim for contribution.

The respondents demurred, assigning numerous causes. The principal of these causes are—first, that the complainant is only a simple-contract creditor, who has not by a judgment at law established his debt; second, that the bond in which the complainant and intestate joined was void, imposing no liability upon them, because there was no statute requiring its execution. On the last ground, the demurrer was sustained, and the bill dismissed.

It is well settled, by numerous decisions of this court, commencing with the cases of *Pharis v. Leachman* (20 Ala.

662), *Watts v. Gayle* (*Ib.* 817), and continuing to *Halfman v. Ellison* (51 Ala. 544), that a simple-contract creditor of a decedent, without establishing his debt by judgment at law, may, when there is a deficiency of assets to pay his debt in the hands of the personal representative, resort to equity to reach property the decedent may have conveyed in fraud of his creditors. Voluntary conveyances are void, as to the existing creditors of the grantor, though no fraud may have been intended; and whoever has a claim or demand, arising out of a pre-existing contract, though it may be contingent, is a creditor whose rights are offended by such conveyances, and can avoid them, when the contingency happens upon which the claim depends.—*Bibb v. Freeman*, 59 Ala. 612. The liability of a surety to contribution springs up when the common obligation is formed; and from that time, each stands to the other in the relation of a creditor, who can avoid a voluntary or a fraudulent conveyance made subsequently, though before the common liability is satisfied.—Brandt on Suretyship, § 258. The bill contains equity, therefore, if the intestate was bound to contribute to the payment of the judgment the complainant has satisfied.

The statute of force when the bond was executed, was the act approved February 19, 1867, entitled "An act to amend section 2587 of the Code," meaning the Code of 1852; and which was incorporated in the Revised Code of 1867, forming section 3016 thereof. The statute amended, section 2587 of the Code of 1852, required the claimant of property levied on by execution to give bond, with sufficient surety, payable to the plaintiff in execution, and in double the amount of the execution, with condition to have the property forthcoming for the satisfaction of the judgment, if found liable therefor, &c. The only amendment made was, to strike out the words *with sufficient surety;* conferring on the claimant the right to the possession of the property, on the execution of his individual bond. The statute was intended for the benefit of the claimant—to relieve him from the necessity, the statute amended imposed, of giving *sufficient surety* on the bond. It did not prohibit him from the execution of a bond with sureties, if he chose to waive the benefit the statute gave. The release of the property from the levy of the execution—the transfer of its possession from the officer making the levy, to the claimant—is a sufficient consideration for the bond, as to principal and sureties, when executed by them voluntarily.

It has long been a settled general rule, that a bond, whether required by statute or not, is good at common law, if entered into voluntarily, for a valuable consideration, and it is not, in obligation or condition, violative of law, or offen-

sive to public policy.—*Munter v. Reese*, 61 Ala. 395 ; 1 Brick. Dig. 309, § 46 ; Brandt on Suretyship, § 12. True, if a bond is extorted by a public officer, as a condition on which he will render rights and privileges an individual has the right to claim without bond, such bond would be void.—*Whitted v. Governor*, 6 Port. 335. And if it appeared that the principal in this bond claimed the property upon her own bond, and the claim was refused, and sureties exacted from her, there would be no liability resting on the sureties. That is not the case made by the bill. So far as is shown by its allegations, the bond was voluntarily executed by the principal. While the bond is valid, as a common-law obligation, no execution ought to have issued on it. That under execution wrongfully issued, and which would on motion have been vacated, the complainant paid the judgment against the principal, does not affect his right to contribution from his co-surety. Without suit or compulsion, voluntarily, he could have paid the judgment, and demanded contribution. *Stallworth v. Preslar*, 34 Ala. 505 ; Brandt on Suretyship, § 257.

The decree of the chancellor must be reversed, the demurrer overruled, and the cause remanded.