# Steiner Land & Lumber Co. v. King, et al.

## *Bill in Equity to set aside Conveyance of Property for Fraud.*

1. *Fraudulent conveyance; equity of bill filed to have transaction declared fraudulent.*—A creditors' bill, seeking to subject to the payment of the claims of complainants, lands alleged to have been fraudulently conveyed by other certain named debtors, who composed two separate partnerships, to a corporation, and certain conveyances of individual property by members of the partnership, which avers that complainants were creditors prior to the several conveyances which are sought to be set aside, and that the grantors in each of said conveyances, while insolvent, organized said corporation, the stock of which was held by themselves and their relatives, and without consideration and for the purpose of defrauding the complainants and other creditors, conveyed their property to said corporation, and that such stockholders as were not parties to the conveyances had knowledge of the alleged fraud, and that the conveyances of the property, as individuals, were made for the purpose of hindering and defrauding the complainants,—such bill is sufficient to invoke the jurisdiction of a court of chancery, and is not demurrable for the want of equity.

2. *Same; simple contract and judgment creditors may be joined as parties complainant.*—Simple contract creditors and judgment creditors may join in a bill to reach and subject to the payment of their respective claims, property fraudulently conveyed by their common debtor.

3. *Same; when bill not multifarious.*—A bill filed by creditors to reach and subject to the payment of their claims against two partnerships, lands alleged to have been fraudulently conveyed by their debtors to a corporation and certain convey-

[Steiner Land & Lumber Co. v. King *et al.*]

ances of individual property by the individual members of said partnerships, which were composed of the same parties, is not multifarious because there were separate debtors and grantors, or because the several grantees who were made parties defendant acquired different portions of the property under separate and distinct conveyances; such bill charging specifically that the defendants entered into a combination to defraud the complainants and the several transactions, against which relief is sought, were but parts of the same plan and scheme.

4. *Partnership; liability of individual members.*—The separate and individual property of each member of a partnership may be subjected by suit against such member, to the payment of the partnership debts; and on bill filed for that purpose, a court of equity will set aside and annul any disposition of his individual property liable for such debt, in fraud of such creditor, and subject said property to the payment of said debt.

APPEAL from the Chancery Court of Butler.

Heard before the Hon. JERE N. WILLIAMS.

The bill in this case was filed by the appellees against Steiner Land & Lumber Company, a private corporation, J. M. Steiner, Ida A. Steiner, S. J. Steiner, Lottie Steiner, J. T. Steiner, Anna Steiner, R. E. Steiner, May Steiner, Bernard Steiner, J. H. Steiner, M. C. McGehee, Estelle Otts and John J. Flowers. The substantial facts averred in the bill are sufficiently stated in the opinion.

The prayer of the bill was that a receiver be appointed to take charge of the real estate described in the bill, to manage and control the same, with power to collect any and all rents and profits arising therefrom, and to manage and control the same under the orders of the court; that a reference be held by the register to ascertain how much is due each of the complainants by the defendants, J. M. Steiner, S. J. Steiner, J. T. Steiner, and R. E. Steiner, doing business under the firm name of Joseph Steiner & Sons and Steiner Bros. & Co.; and that on the final hearing of the cause the deeds of conveyance which are referred to in the bill as having been made by the different defendants be set aside as fraudulent and void.

The several respondents demurred to the bill upon many grounds, which may be summarized as follows:

1. That the bill is without equity. 2. That the bill is exhibited to subject to the payment of the alleged debts due to some of the complainants and the alleged judgments due to others of the complainants property which is alleged in and by the bill to have been fraudulently transferred and conveyed by the alleged simple contract debtors of some of the complainants, and by judgment debtors of others of the complainants. 3. That it appeared in and by said bill that there is a misjoinder of complainants therein, in that the judgment creditors can not be joined as complainants with mere simple contract creditors, who have not reduced their claims to judgment. 4. That it appears that some of the complainants in said bill assert separate and distinct rights, in which the other complainants have no community of interest. 5. That it appears by the averment of the bill that the grantees in the several deeds sought to be set aside as hindering, delaying or defrauding the complainants are different in each of said conveyances. 6. That it is shown by the averment of said bill that the grantors are different in each of said deeds of conveyance sought to be set aside as fraudulent. 7. That said bill is multifarious.

On the submission of the cause upon the demurrers to the bill, the chancellor rendered a decree overruling each of the demurrers. From this decree the present appeal is prosecuted, and the rendition thereof is assigned as error.

J. C. RICHARDSON, C. E. HAMILTON and LANE & CRENSHAW, for appellants.—The conveyance to the Steiner Land & Lumber Company was an exchange by the Steiner grantors of their several interests in the lands for an equal interest in the stock of the corporation. This, as tenants in common, the co-owners had the right to do, and their conveyance was not rendered fraudulent as to those tenants in common who were indebted at the time. Their stock stood in the stead of their interest in the lands, and the corporation became a purchaser for value of the lands, without notice of appellees' debts.—*Stewart v. Platt,* 101 U. S. 743; *Clark v. Iselin,* 21 Wall. 360; *Cook v. Fuller,* 18 Wall. 332; *Sawyer v. Turpin,* 91 U. S. 114; *Ransom v. High,* 38 Amer.

St. Rep. 67; 17 Amer. & Eng. Encyc. of Law, 661; *Gore v. Dickerson,* 39 Amer. St. Rep. 70; Knapp on Partition, 459; *Donner v. Quartemas,* 24 Amer. St. Rep. 782; Freeman on Cotenancy, 393-4; *Frenkel v. Hudson,* 82 Ala. 158; *Stanley v. Schwalby,* 162 U. S. 256; *Osgood v. King,* 42 Iowa 478; 2 Thompson on Corp., 1637, 1621; 3 Thomp. on Corp. 2991; 4 Thomp. on Corp., 5205-6-9; 5115, 5190-1; *Campbell v. Woodstock Iron Co.,* 83 Ala. 351.

The validity of the corporation can only be tested by proceedings on behalf of the State. It cannot be called in question in this case. Whether it did business or not, is not an inquiry that appellees can make.—3 Thomp. on Corp., 2991, note 34; *Dukes v. Cahaba Nav. Co.,* 16 Ala. 392; *Railroad Co. v. Tipson,* 5 Ala. 78, 29 Amer. Dec. 344.

The bill as amended is multifarious. The bill in this case is under section 3544 of the Code. Two or more simple contract creditors, perforce, if practical under this statute, may join as complainants. Two or more judgment creditors, under another principle, may join in the same bill as complainants; but a judgment creditor cannot join with a simple contract creditor in a bill filed under section 3544.—Waite's Fraud. Conveyances, 173, §108. There is no cause of action within the contents of the amended bill against John J. Flowers, no facts alleged showing that he is a proper or necessary party to this suit, and there is a misjoinder of respondents as to him. A logical definition of the term "multifariousness," as applied to a bill in equity, cannot be formulated. Multifariousness, however, may consist: 1. In the joinder of causes of action of so different a character, that a court of equity will not permit them to be litigated in one record.—*Caldwell v. King,* 76 Ala. 153; *Adams v. Sayre,* 70 Ala. 325; Story's Equity Pleadings, §§371, 530, 539a; *Walker v. Powers,* 104 U. S. 249; *Jurdcin v. Bright,* 3 L. J. Ch. N. S. 336; *Crane v. Fairchild,* 14 N. J. 77; 1 Daniel Ch. Plead. & Prac. 339, 340, 344; *Emans v. Wortman,* 14 N. J. Eq. 207; *Swayze v. Swayze,* 9 N. J. Eq. 278. 2. In the joinder of parties defendant to a record, with a large portion of which record, and the case made thereby, a defendant thereto has no connection whatsoever.—Story's Eq. Plead.,

[Steiner Land & Lumber Co. v. King *et al.*]

§§271, 279; *Stebbins v. St. Anne,* 116 U. S. 386; *Walker v. Powers,* 104 U. S. 249, 252; *Yeaton v. Lenox,* 8 Peters 123; 1 Daniel Ch. Prac. 344, note 2; *Emans v. Wortman,* 13 N. J. 207.

Each cause of action, or the alternative statements, must entitle the complainant not only to relief, but to precisely the same relief, and the same defenses must be applicable to each cause of action or aspect of the bill. The alternative statements must not be inconsistent or repugnant; they must present consistent titles to relief. If either alternative is true, and the complainant is entitled to relief different in kind from that which would be granted were the other alternative true, the bill is multifarious.—*Moog v. Talcott,* 72 Ala. 211; *Lyons v. McCurdy,* 90 Ala. 500; *Adams v. Sayre,* 70 Ala. 325; *Tillman v. Thomas,* 87 Ala. 322; *Eufaula v. McNab,* 67 Ala. 588; *Fields v. Helms,* 70 Ala. 461; 1 Dan. Ch. Prac. 384; *Shields v. Barrow,* 17 How. 160; Story's Eq. Plead., 254; *Gordon v. Ross,* 63 Ala. 363; *Strange v. Watson,* 11 Ala. 336; *Micou v. Ashurst,* 55 Ala. 607; 3 Encyc. of Plead & Prac. 364-7.

D. M. POWELL, *contra.*—The bill was not multifarious. The question as to whether or not the different grantees of different portions of the property belonging to the different firms and the individuals thereof can be joined in the same bill, has been expressly decided.—*Hill v. Moone,* 104 Ala. 353. This case decides that a creditors' bill to set aside as fraudulent several sales of goods to different persons at different times, there being no connection between the sales, is not multifarious. The following Alabama cases are cited in the above decision to support it: *Halstead v. Shephard,* 23 Ala. 558; *Lehman v. Meyer,* 67 Ala. 396; *Russell v. Garrett,* 75 Ala. 350; *Burford v. Steele,* 80 Ala. 147; *Hinds v. Hinds,* 80 Ala. 225; *Handley v. Heflin,* 84 Ala. 600.

COLEMAN, J.—Appellees, some of whom were simple contract creditors of Joseph Steiner and Steiner & Sons and Steiner Bros. & Co., and others, judgment creditors of the partnerships, filed a creditors' bill to reach and subject to the payment of their claims, lands alleged to have been fraudulently conveyed by their debtors to the

Steiner Land & Lumber Company, a corporation, and certain conveyances of individual property. The bill avers, that complainants were creditors prior to the several conveyances which are attacked for fraud. It avers that J. M. Steiner, S. J. Steiner, J. T. Steiner and R. E. Steiner composed the firm of Joseph Steiner & Sons, and as partners were engaged in the banking business, and that the same parties composed the firm of Steiner Bros. & Co., and that as individuals and partners they were insolvent at the time of the execution of the several conveyances. It avers that the defendant corporation became incorporated at the time of the conveyance of the land to it; that the respondents as individuals and the partnership of which they were the sole members owned a large majority of the stock of said corporation, and that said corporation had no assets other than the lands conveyed to it by the insolvent debtors. It further avers that all the remaining stockholders of said corporation were brothers and sisters of respondent debtors, and that they had knowledge of the insolvent condition of respondent debtors, or had notice of facts which were sufficient to put them on inquiry and if followed up would have led to such information. The bill avers that the consideration expressed on the face of the conveyance is $192,000, but that no money was paid, or if any, a very small sum, and that the purpose of the corporation and the conveyance to it was a mere scheme to hinder, delay and defraud creditors. The bill avers that May Steiner and R. E. Steiner, her husband, conveyed certain lot of land to Ida Steiner, wife of J. M. Steiner, for an expressed consideration of $5,000, and that J. M. Steiner furnished the money to pay for said property and had titles taken in the name of his wife, for the purpose of hindering, delaying and defrauding his creditors. The bill avers that S. J. Steiner made a fraudulent conveyance to his wife for an expressed consideration of $12,000, to hinder, delay and defraud his creditors, and that J. T. Steiner, for like fraudulent purposes, conveyed certain property to his wife. The bill avers, that the Steiner Land & Lumber Co., was insolvent, that all the debtor grantors were insolvent, at the time of the several conveyances, that the grantees were chargeable with notice of their insolvent condition, and

that complainants' debts were contracted and due prior to all of said several conveyances.

The bill was demurred to by several of the respondents separately, but each assigned the same ground of demurrer.

No argument or authority is necessary to demonstrate that there is equity in the bill. It has been decided by this court that a simple contract creditor and a judgment creditor may join in a bill to reach property fraudulently conveyed by their common debtor.—*Steiner & Lobman v. Parker,* 108 Ala. 357.

It is insisted that the bill is multifarious. In the case of *Planters & Merchants Bank v. Walker,* 7 Ala. 926, the complainant had recovered a judgment against G. Walker, J. H. Walker and Robert Lowe. The two former debtors acting seperately and individually made certain sales of their respective property and the latter by mortgages, each acting independently of the others in the disposition of their respective property. The creditor filed its bill against them all and their respective vendees and mortgages, alleging fraud in the several transactions. Under the averments of the bill the property was liable to the satisfaction of the complainant's judgment. The purpose of the bill was single, viz., to reach and subject the property to its satisfaction. Each respondent had a common interest, that of satisfaction of the debt. The court held that a demurrer for multifariousness would not be sustained in favor of the debtors, or their grantees. The rule is clearly stated in *Fellows v. Fellows,* 4 Cowen (N. Y.) 682, reported in 15 Am. Dec. 412, with extensive notes, and which decision has been cited with approval in many cases by this court. *Hill Bros. v. Moone,* 104 Ala. 353; *Hinds v. Hinds,* 80 Ala. 225; *Collins v. Stix,* 96 Ala. 338; *Lehman v. Meyer,* 67 Ala. 396.

The demurrer based upon the ground of multifariousness cannot be sustained.

The separate and individual property of each member of a partnership may be subjected by suit against such member to the payment of the partnership debt, and any disposition of his property, liable for such debt, in fraud of such creditor, will be set aside and annulled and the property condemned by a court of equity.—*Baldridge v.*

*Eason,* 99 Ala. 516, and authorities cited; *Blackman v. Moore-Handley Hardware Co.,* 106 Ala. 458; *Bolling & Son v. Speller,* 96 Ala. 269.

The statute, Code of 1896, section 700, provides that "A demurrer to a bill must set forth the ground of demerrer specially, and otherwise must not be heard." We have examined each ground of demurrer contained in the abstract prepared by appellant's counsel, and applying this rule, and the principles of law applicable to the case, the decree of the chancery court, overruling the demurrer, must be affirmed. The bill nowhere avers, that John J. Flowers is a subsequent incumbrancer, and the ground of demurrer to this effect is not supported by the bill.

We deem it not improper to say, that we do not find in the record a case which justifies the making of Mrs. Estelle Otts, Bernard Steiner and M. C. McGehee parties respondent to the bill. It is not shown that they were debtors of complainants in any manner, nor is it averred that they have purchased or received any property subject to complainant's debts, nor is any relief, nor any ground of equitable relief, so far as our reading of the bill discovers, shown as against these parties. No objection was raised to the bill of complaint on these grounds and we make no ruling. We merely call attention to the facts, to avoid future complication.

No receiver has been appointed and this question has not been discussed in brief of counsel. It is true the bill avers the insolvency of the corporation and states that the insolvent corporation should not be allowed to collect the rents from the lands; the bill nowhere avers that the corporation has collected any rents, or is about or intends to collect any, and in fact, it is not averred that any rents have or will accrue on account of said lands.

The decree of the chancery court overruling the several demurrers to the bill is affirmed.

Affirmed.