142 So. 33

### SPEAR et al. v. VIRGINIA–CAROLINA CHEMICAL CORPORATION.

4 Div. 620.

Supreme Court of Alabama.

May 19, 1932.

See, also, 223 Ala. 448, 136 So. 805.

A. R. Powell and E. O. Baldwin, both of Andalusia, for appellants.

Powell, Albritton & Albritton, of Andalusia, for appellee.

GARDNER, J.

Complainant, a corporation organized under the laws of the state of Virginia, recovered in May, 1929, a judgment in the United States District Court for the Northern District of the state of Florida, against T. J. Spear, and filed this bill to set aside and cancel as fraudulent and void certain conveyances to real estate and a deposit in the Bank of Florala.

Under repeated decisions of this court, any number of fraudulent grantees may be joined in such a bill, without rendering it subject to the objection of multifariousness. Gassenheimer v. Kellogg, 121 Ala. 109, 26 So.

29; Henderson v. Farley National Bank, 123 Ala. 547, 26 So. 226, 82 Am. St. Rep. 140; Steiner Land & Lumber Co. v. King, 118 Ala. 546, 24 So. 35.

Nor is the bill deficient in failing to aver the complainant had complied with our statute (section 7208–7211, Code 1923; Houston Canning Co. v. Virginia Can Co., 211 Ala. 232, 100 So. 104, 35 A. L. R. 912) relating to foreign corporations engaging in business in this state.

The suit is not on any contract or agreement of any character (Houston Canning Co. v. Virginia Can Co., supra), but an effort to obtain the fruits of a judgment recovered in another state, and its consequent enforcement which is a legal right unaffected by the above noted statute. Capitol Lumber Co. v. Mullinix, 208 Ala. 266, 94 So. 88.

It is a well-recognized rule that all persons in the possession of property of the debtor sought to be reached are proper and necessary parties to the suit. Plaster v. Thorne-Franklin Shoe Co., 123 Ala. 360, 26 So. 225; 15 Corpus Juris 1415.

This suffices as an answer to the argument on behalf of the bank and Mrs. Grider, though we are inclined to the view no assignment of demurrer is specifically directed to the sufficiency of the bill in that respect. National Union Fire Ins. Co. v. Lassetter, 224 Ala. 649, 141 So. 645, present term.

The demurrer to the bill was properly overruled, and the decree is accordingly affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.