148 So. 316

BIRMINGHAM PROPERTY CO. et al. v.
JACKSON SECURITIES & INVEST-
MENT CO.

6 Div. 317.

Supreme Court of Alabama.

May 18, 1933.

J. C. Burton, of Birmingham, for appellants.

W. H. Woolverton, Wm. H. Ellis, and Murphy, Hanna, Woodall Lingbergh, all of Birmingham, for appellee.

FOSTER, Justice.

The bill in this case was filed by one alleging that it was an existing creditor of the Birmingham Property Company as indorser of certain notes, and sought a discovery of its assets and to subject to the satisfaction of its debt property which had been fraudulently transferred by the debtor to various grantees. Section 7342, Code. It alleged the fact of several such distinct transfers to different grantees, all of which are sought to be vacated and prayed that the property be subjected to the debt.

■ It has frequently been held by this court that for that reason, it is not multifarious since the bill has a single object—that of the satisfaction of the debt. Lambert v. Anderson, 224 Ala. 110, 139 So. 287, and cases cited; McCarty v. Robinson, 222 Ala. 55, 130 So. 680; Spear v. Virginia-Carolina Chem. Corp., 225 Ala. 17, 142 So. 33.

■ By a long line of authorities it has been held that an existing creditor may have set aside a voluntary conveyance by his debtor, made after the creation of the debt, regardless of the intent and financial standing or insolvency of the parties. Bibb v. Freeman, 59 Ala. 612; Beall v. Lehman Durr Co., 110 Ala. 446, 18 So. 230; Jenkins v. Lockard's Adm'r, 66 Ala. 377; Fearn v. Ward, 65 Ala. 33; Anderson v. Anderson, 64 Ala. 403; McCrory v. Donald, 192 Ala. 312, 68 So. 306; Crisp v. First National Bank of Birmingham, 224 Ala. 72, 139 So. 213; Cortner v. Anderson, Clayton & Co., 225 Ala. 575, 144 So. 443.

■ It is equally well settled that the existence of a contingent liability to complainant, such as a suretyship or indorsement, creates a debt as thus defined, before the liability becomes fixed or mature. Cortner v. Anderson Clayton & Co., supra, and cases cited.

■ The bill alleges that complainant is a foreign corporation, but does not allege a compliance by it with the Constitution and statutes of this state fixing the terms and conditions on which it may do business in Alabama.

A bill by such a corporation must make such allegations if it shows by express averment or proper presumption that it was doing business in this state in the transaction on which relief is predicated. Muller Mfg. Co. v. First National Bank, 176 Ala. 229, 57 So. 762; Houston Canning Co. v. Virginia Can Co., 211 Ala. 232, 100 So. 104, 35 A. L. R. 912; Spear v. Virginia-Carolina Chem. Corporation, supra.

■ The bill of complaint alleges that complainant is the owner and holder in due course of the notes mentioned. It does not allege that it transacted the business of their purchase in Alabama, and, therefore, that complainant was liable to a compliance with such Constitution and statutes of Alabama, in connection with that transaction. When this does not appear on the face of the bill, the question cannot be raised by demurrer, but "the objection could be taken only by answer or plea." Christian v. American Freehold Land & Mortgage Co., 89 Ala. 198, 200, 7 So. 427.

We have discussed the grounds of demurrer which counsel for appellant have argued in their brief, and agree with the circuit court that none of them are well taken.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.