178 So. 533

### HEWITT et al. v. FIRST NAT. BANK OF BIRMINGHAM.

### 6 Div. 161.

Supreme Court of Alabama.

Jan. 27, 1938.

J. T. Johnson, of Oneonta, for appellants.

St. John & St. John, of Cullman, for appellee.

FOSTER, Justice.

Briefly stated, the bill, in so far as it affects this appeal, alleges: That complainant, appellee, made a series of loans to W. C. Griffith and A. P. Warren, partners, who executed notes for them, each separately, with Winnie Griffith Hewitt, Pearl Griffith Waldrop, Myrtle Griffith, and Charlie O. Griffith as indorsers. They will sometimes herein be referred to as indorsers. The notes were dated, respectively, in January, February, March, and April, 1930, and renewed in October, 1930. The indorsers, owners of an interest in certain realty, executed a mortgage to respondent W. C. Griffith on March 7, 1928, who was their brother.

The mortgage was alleged to be without consideration and voluntary, and was transferred by W. C. Griffith to the Tennessee Valley Bank to secure a debt past due and of long standing. It does not seem distinctly to allege the date of the transfer to the bank, but the inferences, against the complainant on demurrer, and from the allegations of the bill, are that the mortgage was transferred on the day of its date. It alleges that it was agreed between W. C. Griffith and the bank that the mortgage was to be withheld from the record from its date until December 31, 1930, when it was filed for record in Cullman county, and January 3, 1931, when filed for record in Blount county: that in the meantime complainant made the loans as stated, and with the indorsements, without notice of the mortgages; that the execution of the mortgage and agreement to withhold it from record constituted a fraud; that at the time the bank received said transfer, it had notice that the mortgage was without consideration; that the mortgage embraced substantially all of the property of said indorsers; and that they are insolvent.

It also alleges that since the mortgage became due it has been transferred to Reconstruction Finance Corporation as collateral security; that it had notice of the matters therein charged. There were many amendments.

The last amendment brings in another aspect not theretofore mentioned in the bill as amended. It is that on February 15, 1935, the indorsers executed a deed to J. J. Griffith, their cousin, conveying the Blount county land, reciting a consideration of $100, and other valuable consideration, but that it was in fact without consideration; that it was recorded on March 18, 1935, the day before complainant sued the indorsers at law in the circuit court of Cullman county; that they knew that complainant was about to sue and conspired with J. J. Griffith to have the deed

executed and recorded in anticipation of said suit.

To the bill as last amended the Reconstruction Finance Corporation answered and demurred, but its demurrer has not been acted on, and it is not a party to this appeal.

The Tennessee Valley Bank has not answered or demurred to the bill as last amended, nor has its liquidating agent, who is also a party, and they are not parties to this appeal. But demurrers were filed by the indorsers and J. J. Griffith, which were overruled, and they have appealed and assigned errors.

We will respond to the contentions in the order in which they are argued in brief. The first is that the facts on which the fraud is alleged are not set forth, but that the fraud is only a conclusion of the pleader. But facts are alleged, and the question is whether they are sufficient to show fraud.

■ It is also contended that the bill does not allege the existence and date of the debt claimed by complainant against the indorsers, and that it was antecedent to the transactions sought to be vacated. But the date of each note is given, and the allegation of its indorsement sufficiently implies that it was executed when the note was made. The notes were consolidated, and renewed in one dated October 27, 1930, a copy of which is attached showing its indorsement as the others were alleged to have been. The indorsement makes a debt by the indorsers from that date. Birmingham Property Co. v. Jackson Sec. & Inv. Co., 226 Ala. 612, 148 So. 316; Washington v. Norwood, 128 Ala. 383, 30 So. 405; Bragg v. Patterson, 85 Ala. 233, 4 So. 716.

Those dates are subsequent to the date of the execution of the mortgage under attack, and to the time of its transfer to the bank. But the mortgage was executed by the indorsers to the maker of the notes to complainant. It therefore, while in his possession, could not be prejudicial to complainant, which was his creditor as well as a creditor of the indorsers. It was his transfer to the bank which prejudiced complainant, if anything in the transaction did so.

The maker, W. C. Griffith, is not making defense. The rights to be affected by relief to complainant on the allegations in respect to the mortgage are those of the bank and Reconstruction Finance Corporation. They are not parties to this appeal.

In respect to the mortgage transaction, neither the indorsers nor J. J. Griffith have cause to complain of the ruling of the court.

■ In respect to that aspect of the bill as amended, which seeks to set aside the deed from the indorsers to J. J. Griffith, it is sufficient to say that it shows the existence of the indorsement prior to its execution. This is so not because of the fact that suit was begun a few days after its execution, but because the bill alleges the dates of the notes and their indorsement in the sixth paragraph. The bill alleges that the deed to J. J. Griffith was voluntary and without valuable consideration. This is sufficient in that alternative. Birmingham Property Co. v. Jackson Sec. & Inv. Co., 226 Ala. 612, 148 So. 316.

■ It then alleges in another alternative that if there was any valuable consideration, it was unsubstantial and inadequate, and executed for the purpose of hindering, delaying, or defrauding complainant of its debt; that J. J. Griffith had notice of the debt of complainant, and took the deed for an inadequate consideration with a like intent. It had already alleged the insolvency of the indorsers. That aspect is also sufficiently alleged. Rogers v. Conaway, 226 Ala. 334, 147 So. 152; Federal Land Bank v. Rowe, 222 Ala. 383, 133 So. 50; Cortner v. Anderson, Clayton & Co., 225 Ala. 575, 144 So. 443.

The decree overruling the demurrers of these appellants is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.